KELLY GUENZEL-HANDLOS, APPELLANT, V.
THE COUNTY OF LANCASTER, NEBRASKA,
A POLITICAL SUBDIVISION, APPELLEE.
655 N.W.2d 384

Filed January 17, 2003.   No. S-01-1118.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., for appellant.

William F. Austin, of Erickson & Sederstrom, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.
Following her acquittal on misdemeanor charges relating to an incident which occurred in the performance of her duties as

clerk of the district court for Lancaster County, Kelly Guenzel-Handlos brought this action against the county seeking reimbursement of fees and expenses incurred in her defense. The district court for Lancaster County sustained the county's motion for judgment on the pleadings and dismissed the petition. Guenzel-Handlos appeals.

## FACTS

At all relevant times, Guenzel-Handlos was the duly elected clerk of the district court for Lancaster County, Nebraska, a body corporate and politic. After receiving allegations of Guenzel-Handlos' misconduct, the Lancaster County Attorney's office requested appointment of a special prosecutor. This request was granted by the district court. On September 25, 2000, the special prosecutor filed a complaint charging Guenzel-Handlos with official misconduct and misuse of public property or funds in the discharge of her official duties. Guenzel-Handlos requested legal representation by the county attorney but was advised that she would be required to retain her own counsel, which she subsequently did. Following a bench trial in Lancaster County Court on December 13 and 14, 2000, Guenzel-Handlos was acquitted of all charges.

Guenzel-Handlos filed a claim with the Lancaster County Board seeking reimbursement in the amount of $18,453.89 for attorney fees, costs, and expenses incurred by her in defending the misconduct charges. The county board denied the claim on July 10, 2001. Guenzel-Handlos then commenced this action in the district court for Lancaster County, seeking reimbursement on three alternate legal theories, each of which she designated as a cause of action. This court appointed the Honorable James A. Buckley, a retired district court judge, to serve as an active judge of the district court for Lancaster County for the purpose of hearing and deciding this case.

Under her first theory of recovery, Guenzel-Handlos contended that the county board erred in denying her claim, properly filed under Neb. Rev. Stat. § 23-135 (Cum. Supp. 2002). Under her second theory, Guenzel-Handlos sought a declaratory judgment that Neb. Rev. Stat. §§ 13-1801 and 23-1201(2) (Reissue 1997), as well as principles of indemnification, permit the expenditure of

public funds to reimburse a public official for defending herself against charges arising from the performance of her official duties. Under her third theory, Guenzel-Handlos contended that the county is liable to her under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1997 & Supp. 1999), because it had a duty to defend her pursuant to § 23-1201(2), it breached its duty, and that breach proximately caused her to incur defense costs.

In its answer, the county admitted the material facts underlying Guenzel-Handlos' claim, but asserted several affirmative defenses and alleged that Guenzel-Handlos failed to state a claim upon which relief could be granted. The county subsequently filed a motion for judgment on the pleadings. In granting the motion and dismissing the action, the district court concluded that "no Nebraska statute or case law or any common law doctrine would require indemnification." Guenzel-Handlos perfected this timely appeal, which we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Guenzel-Handlos assigns, restated, that the trial court erred in sustaining the motion for judgment on the pleadings with respect to (1) her claim based on § 23-135, (2) her claim for declaratory judgment, and (3) her claim under the Political Subdivisions Tort Claims Act.

## STANDARD OF REVIEW

■ A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *Nelson v. City of Omaha*, 256 Neb. 303, 589 N.W.2d 522 (1999); *County of Seward v. Andelt*, 251 Neb. 713, 559 N.W.2d 465 (1997); *Bohl v. Buffalo Cty.*, 251 Neb. 492, 557 N.W.2d 668 (1997).

■ In connection with questions of law and statutory interpretation, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Jeffrey Lake Dev. v. Central Neb. Pub. Power*, 262

Neb. 515, 633 N.W.2d 102 (2001); *In re Estate of Tvrz*, 260 Neb. 991, 620 N.W.2d 757 (2001).

## ANALYSIS

Guenzel-Handlos argues that the district court improperly dismissed her appeal, properly filed under § 23-135, "without a full examination of the underlying facts." Brief for appellant at 10. However, a motion for judgment on the pleadings admits the truth of all well-pled facts in the opposing party's pleadings, together with all reasonable inferences to be drawn therefrom, and the moving party admits, for the purpose of the motion, the untruth of the movant's allegations insofar as they have been controverted. *Mach v. County of Douglas*, 259 Neb. 787, 612 N.W.2d 237 (2000); *Becker v. Hobbs*, 256 Neb. 432, 590 N.W.2d 360 (1999). Thus, the issue which was before the district court, and now before this court, is whether the county had a legal duty to reimburse Guenzel-Handlos, assuming all of her factual allegations to be true. The question of whether a duty exists is a question of law. See *Cerny v. Cedar Bluffs Jr./Sr. Pub. Sch.*, 262 Neb. 66, 628 N.W.2d 697 (2001).

To determine whether a duty exists in this case, we must examine each of the substantive statutory and common-law legal theories upon which Guenzel-Handlos relies. Before doing so, however, we note certain general principles which govern our consideration. A county is a political subdivision of the state and has only that power delegated to it by the Legislature. *DLH, Inc. v. Lancaster Cty. Bd. of Comrs.*, 264 Neb. 358, 648 N.W.2d 277 (2002); *Enterprise Partners v. County of Perkins*, 260 Neb. 650, 619 N.W.2d 464 (2000). Any grant of power to a political subdivision is to be strictly construed, *Enterprise Partners v. County of Perkins, supra*, and *Metropolitan Utilities Dist. v. Twin Platte NRD*, 250 Neb. 442, 550 N.W.2d 907 (1996), and any reasonable doubt of the existence of a power is to be resolved against the county. *Shanahan v. Johnson*, 170 Neb. 399, 102 N.W.2d 858 (1960).

Guenzel-Handlos first argues that the county had a duty to defend her under § 13-1801 and, having failed to do so, has a duty to reimburse her for the costs of her defense. Section 13-1801 provides in relevant part:

If any legal action shall be brought against any municipal police officer, constable, county sheriff, deputy sheriff, firefighter, out-of-hospital emergency care provider, or other elected or appointed official of any political subdivision . . . based upon the negligent error or omission of such person while in the performance of his or her lawful duties, the political subdivision which employs, appoints, or otherwise designates such person an employee . . . shall defend him or her against such action, and if final judgment is rendered against such person, such political subdivision shall pay such judgment in his or her behalf and shall have no right to restitution from such person.

. . . This section shall not be construed to permit a political subdivision to pay for a judgment obtained against a person as a result of illegal acts committed by such person.

We have not previously construed this statute. However, we have often stated that if the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Eyl v. Ciba-Geigy Corp.*, 264 Neb. 582, 650 N.W.2d 744 (2002); *Gracey v. Zwonechek*, 263 Neb. 796, 643 N.W.2d 381 (2002); *City of Omaha v. Kum & Go*, 263 Neb. 724, 642 N.W.2d 154 (2002). That principle applies here. The clear language of § 13-1801 limits its scope to the defense of civil actions for damages based upon negligent error or omission on the part of certain public officials. The statute has no application to the defense of criminal charges. The district court did not err in determining that § 13-1801 does not create a duty on the part of the county to reimburse Guenzel-Handlos for the cost of her criminal defense.

Guenzel-Handlos also relies on § 23-1201(2) as the basis for her claim that the county has a duty to reimburse her defense costs. That statute provides in relevant part that "[i]t shall be the duty of the county attorney to prosecute or defend, on behalf of the state and county, all suits, applications, or motions, civil or criminal, arising under the laws of the state in which the state or the county is a party or interested." Guenzel-Handlos argues that this statute obligated the Lancaster County Attorney to defend her in the criminal case, that he "failed and neglected" to do so, and that the county was therefore liable to her under the Political Subdivisions Tort Claims Act.

Whether § 23-1201(2) affords any basis for the legal duty claimed in this case depends upon whether the county was "a party or interested" in the criminal proceedings against Guenzel-Handlos. The county was clearly not a party to the criminal action. Whether it was "interested" in the proceeding within the meaning of § 23-1201(2) presents a more complicated inquiry. Guenzel-Handlos contends that the county should be considered "interested" in the criminal action because if she had been convicted, she would have been subject to removal from office pursuant to Neb. Rev. Stat. § 23-2001(7) (Reissue 1997), which in turn would have disrupted the smooth operations of the Lancaster County District Court's office. This argument rests on the assumption that the Legislature intended any possible disruption in the operation of a state or county office to give rise to the requisite "interest" under § 23-1201(2), thereby imposing a duty on the county attorney to defend *every* criminal action brought against *any* county official. Guenzel-Handlos offers no authority for such an expansive interpretation.

We decline to adopt this interpretation of the statutory language and conclude that a county is "interested" in a criminal action against a county official within the meaning of § 23-1201(2) when a conviction could expose the county to liability or substantially impair the performance of an essential governmental function. For example, in *City of Montgomery v. Collins*, 355 So. 2d 1111 (Ala. 1978), the Alabama Supreme Court considered whether a city could lawfully pay municipal funds to private counsel for defending police officers indicted on conspiracy charges. The court reasoned:

Because a [criminal conviction] might provide a basis for a civil cause of action . . . and because a municipality may be made a party defendant in such an action . . . it would be within the reasonable scope of "proper corporate interest" for the municipality to attempt to protect itself and its officers against future civil litigation brought under agency principles by defending their agents against criminal charges arising out of the same general circumstances with the view of obtaining their acquittal. A judgment of conviction in a criminal case is admissible, as a general

rule, in a civil case if the act in question is material in the civil action.

(Citations omitted.) *Id.* at 1114-15.

In this case, the criminal prosecution against Guenzel-Handlos carried no potential of exposing the county to civil liability to third parties; indeed, the county was the only purported victim of the alleged misuse of public funds. Likewise, a conviction would not have substantially impaired the performance of any essential governmental function. While it is indeed possible, as Guenzel-Handlos suggests, that upon criminal conviction, her removal from office would have disrupted the "smooth operations" of business until a successor was elected, brief for appellant at 15, the same would be true whenever an office is vacated due to death, illness, resignation, or a decision not to seek reelection. Accordingly, we find that the county was not "interested" in the criminal prosecution so as to give rise to a duty to defend under § 23-1201(2). Thus, the alleged "failure" to provide a defense under this statute affords no basis for the claim under the Political Subdivisions Tort Claims Act asserted in the petition as a separately designated "Cause of Action."

Guenzel-Handlos also argues that the county had a duty to reimburse her legal expenses based upon common-law principles of indemnification. This court has not specifically addressed the question of whether a governmental entity has a common-law duty to indemnify a public official for expenses incurred in the defense of a criminal prosecution. Guenzel-Handlos relies upon *Lomelo v. City of Sunrise*, 423 So. 2d 974 (Fla. App. 1982), in which the court determined that a municipal corporation or other public body has a nondiscretionary common-law duty "to furnish or pay fees for counsel to defend a public official subjected to attack either in civil or criminal proceedings where the conduct complained of arises out of or in connection with the performance of his official duties." *Id.* at 976. Other courts, however, have held that in the absence of a controlling statute, governmental entities have discretionary authority, but not a duty, to indemnify public officials for legal expenses incurred in defending various legal proceedings. See, e.g., *Hart v. County of*

*Sagadahoc*, 609 A.2d 282 (Me. 1992), and cases cited therein. See, also, Annot., 47 A.L.R. 5th 553 (1997).

The issue presented in this case is not whether the county board *could have* agreed to indemnify Guenzel-Handlos for her legal expenses, but whether it had a duty which *required* it to do so. On the basis of the facts alleged by Guenzel-Handlos, which we take as true for the purpose of judgment on the pleadings, we conclude that no such common-law duty exists. The reimbursement sought in this action would necessarily involve public funds. Public funds cannot be expended for private purposes. *Haman v. Marsh*, 237 Neb. 699, 467 N.W.2d 836 (1991). What constitutes a public purpose, as opposed to a private purpose, is primarily for the Legislature to determine. *Id.*; *State ex rel. Douglas v. Nebraska Mortgage Finance Fund*, 204 Neb. 445, 283 N.W.2d 12 (1979). Inasmuch as counties have only those powers as are granted to them by the Legislature, *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995), we conclude that rules governing when a county may expend public funds for the defense of a county official in a criminal action should be established by the Legislature, not by the courts.

We note that the Legislature has seen fit to impose a statutory duty upon the Attorney General or his or her designee to "defend all civil and criminal actions instituted against the superintendent or any subordinate officer or employee of the Nebraska State Patrol arising from their employment." Neb. Rev. Stat. § 81-2009 (Reissue 1999). We cannot ignore the fact that the Legislature has not established a similar unconditional obligation on the part of counties to defend elected officials in criminal prosecutions. The closest parallel is § 23-1201(2), which requires such a defense in some circumstances, but as discussed above, is not applicable in this case because the county was neither a party nor "interested." Accordingly, we agree with the district court that there is no statutory or common-law duty on the part of the county to indemnify Guenzel-Handlos.

## CONCLUSION

Assuming all material facts alleged by Guenzel-Handlos to be true, we conclude, as a matter of law, that the county had no duty

to reimburse her for the legal expenses she incurred in the criminal prosecution. Therefore, the district court did not err in sustaining the county's motion for judgment on the pleadings and dismissing the action. The judgment of dismissal is affirmed.

AFFIRMED.