CONNIE JOHNSON, APPELLANT, V.
STATE OF NEBRASKA ET AL., APPELLEES.
700 N.W.2d 620

Filed July 29, 2005.    No. S-03-1362.

Vincent M. Powers, of Vincent M. Powers & Associates, for appellant.

Jon Bruning, Attorney General, and Jennifer M. Tomka for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

### NATURE OF CASE

Connie Johnson filed this action against the State of Nebraska, "the State of Nebraska d/b/a the Omaha Correctional Center and the State of Nebraska d/b/a the Department of Corrections" (collectively the defendants) under the State Tort Claims Act (Tort Claims Act), Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 1996 & Cum. Supp. 1998). The issue presented is whether the defendants are immune from liability under § 81-8,219(4), which excludes from the Tort Claims Act any claim "arising out of assault."

### BACKGROUND

On June 6, 2001, Johnson filed her petition against the defendants. She alleged that on or about June 8, 1999, she was sexually assaulted by an employee of the Nebraska Department of Correctional Services assigned to work at the Omaha Correctional

Center, where Johnson was incarcerated. She further alleged that the employee was acting in the scope and course of his employment at all relevant times.

For Johnson's first theory of recovery, she alleged that the defendants were negligent in (1) violating the "Nebraska Jail Standards" with respect to the housing of female inmates, (2) failing to properly supervise its employees, (3) failing to properly hire employees, (4) failing to properly maintain the Omaha Correctional Center, and (5) failing to discipline the employee who allegedly perpetrated the sexual assault. Johnson alleged that the defendants' negligence proximately caused her damages.

For Johnson's second theory of recovery, she alleged:

[T]the actions of the employee of the Defendant was [sic] so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community. Said actions were in reckless disregard of the fear and emotional suffering that he was inflicting upon [Johnson].

Johnson alleged that "the above described conduct" caused her emotional distress.

In the defendants' answer, they denied the material allegations of Johnson's petition. They also affirmatively alleged, among other things, that they were immune from suit under § 81-8,219(4).

On June 20, 2003, the defendants filed a motion for judgment on the pleadings. (We note that because Johnson's petition was filed prior to January 1, 2003, our former system of code pleading governs this case. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004)). The defendants' motion asserted that the district court lacked jurisdiction and that under § 81-8,219(4), Johnson failed to state a claim upon which relief could be granted. The district court granted the defendants' motion in an October 29, 2003, order, finding that Johnson's claims were barred by § 81-8,219(4) because they arose out of an assault. The court dismissed Johnson's petition with prejudice after concluding that an opportunity to amend the petition would not remedy the deficiency. Johnson appealed, and we moved the case to our docket.

## ASSIGNMENTS OF ERROR

Johnson assigns, consolidated and rephrased, that the district court erred in concluding that § 81-8,219(4) barred her action against the defendants and in not allowing her to amend her petition.

## STANDARD OF REVIEW

■ A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *Guenzel-Handlos v. County of Lancaster*, 265 Neb. 125, 655 N.W.2d 384 (2003). In connection with questions of law and statutory interpretation, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

■ A motion for judgment on the pleadings admits the truth of all well-pled facts in the opposing party's pleadings, together with all reasonable inferences to be drawn therefrom, and the moving party admits, for the purpose of the motion, the untruth of the movant's allegations insofar as they have been controverted. *Id.*

## ANALYSIS

The Tort Claims Act waives the State's sovereign immunity with respect to certain, but not all, types of tort actions. See *First Nat. Bank of Omaha v. State*, 241 Neb. 267, 488 N.W.2d 343 (1992). The State's sovereign immunity remains intact with respect to those types of claims listed in § 81-8,219, to which the Tort Claims Act does not apply. Among them are claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." § 81-8,219(4). The defendants argue that they are immune from suit in this case because Johnson's claim arises out of an assault.

■ Our analysis begins with standard statutory construction principles to determine the meaning of the phrase "arising out of assault." Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against its waiver. *Butler Cty. Sch. Dist. No. 502 v. Meysenburg*, 268 Neb. 347, 683 N.W.2d 367

(2004). A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction. *Id.*

This court has not yet had an opportunity to interpret the scope of § 81-8,219(4), sometimes called the intentional torts exception. Because Nebraska law is limited, we can look to federal law for additional guidance. The Federal Tort Claims Act contains an intentional torts exception virtually identical to § 81-8,219(4). See 28 U.S.C. § 2680(h) (2000). We have recognized that Nebraska's Tort Claims Act is patterned after the Federal Tort Claims Act. *Northland Ins. Co. v. State*, 242 Neb. 10, 492 N.W.2d 866 (1992); *Security Inv. Co. v. State*, 231 Neb. 536, 437 N.W.2d 439 (1989).

In *United States v. Shearer*, 473 U.S. 52, 105 S. Ct. 3039, 87 L. Ed. 2d 38 (1985), the plaintiff, the mother of a murdered soldier, brought an action against the United States under the Federal Tort Claims Act. The plaintiff alleged that the U.S. Army negligently failed to exert sufficient control over a soldier known to be dangerous and who had murdered her son. The U.S. Supreme Court held that the plaintiff could not recover against the government for negligently failing to prevent another serviceman's assault and battery. A majority of the Court based its holding on a doctrine of law specific to military personnel; however, four of the eight participating justices also concluded that the plaintiff's suit was barred by the intentional torts exception in 28 U.S.C. § 2680(h). Those four justices relied in large part upon § 2680's legislative history to say:

> No semantical recasting of events can alter the fact that the battery was the immediate cause of [the soldier's] death and, consequently, the basis of [the plaintiff]'s claim.
>
> [The plaintiff] cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like [the plaintiff's] that sound in negligence but stem from a battery committed by a Government employee.

(Emphasis in original.) *United States v. Shearer*, 473 U.S. at 55. In the years following *Shearer*, several circuit courts adopted the same position. See, *Thigpen v. United States*, 800 F.2d 393 (4th Cir. 1986); *Garcia v. United States*, 776 F.2d 116 (5th Cir. 1985); *Franklin v. United States*, 992 F.2d 1492 (10th Cir. 1993); *Guccione v. U.S.*, 847 F.2d 1031 (2d Cir. 1988). See, also, *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir. 1990) (applying *Shearer* reasoning to intentional tort exception of Nebraska Political Subdivisions Tort Claims Act).

*United States v. Shearer, supra,* however, was not the U.S. Supreme Court's final word on the subject. Three years after *Shearer*, the Court decided *Sheridan v. United States*, 487 U.S. 392, 108 S. Ct. 2449, 101 L. Ed. 2d 352 (1988). In *Sheridan*, an intoxicated off-duty serviceman was found by several naval corpsmen at Bethesda Naval Hospital. They attempted to take the serviceman to the emergency room, but abandoned their efforts when the serviceman brandished a rifle. Later that night, the serviceman fired shots into a vehicle, injuring the occupants. Those occupants brought an action against the federal government, alleging that their injuries were caused by the government's negligence in allowing the serviceman to leave the hospital with a loaded rifle in his possession. The district court dismissed the action, and the court of appeals affirmed, concluding that the action was barred by 28 U.S.C. § 2680(h) because it arose out of an assault.

The U.S. Supreme Court began its analysis by stating that "it is both settled and undisputed that in at least some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the Government for negligently allowing the assault to occur." *Sheridan v. United States*, 487 U.S. at 398. Attempting to explain when such situations occur, the Court declined to adopt or reject a broad, *Shearer*-like interpretation of 28 U.S.C. § 2680(h), but instead relied on a different theory. The Court explained that the intentional tort exception of § 2680(h) simply did not apply in cases where the government would not be liable under the general immunity waiver provisions of the Federal Tort Claims Act. Thus, if an assault were committed by a nongovernment employee or if it were committed by a government employee acting outside the scope of his

employment (as in *Sheridan*), the government would not have liability for the assault under the general waiver statute; therefore, the exception would not apply. In those situations where the exception is inapplicable, the Court stated that "the negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent" of the employment status of the person committing the assault. *Sheridan v. United States*, 487 U.S. at 401. In *Sheridan*, a duty was imposed upon the government because it had adopted regulations prohibiting firearms on the property and also because the naval corpsmen had voluntarily undertaken to provide care to the tort-feasor. Thus, the U.S. Supreme Court reversed the court of appeals' decision and allowed the plaintiffs' suit against the government to proceed.

Because the serviceman's employment status was irrelevant to its decision, the Court expressly declined to address whether negligent hiring, negligent supervision, or negligent training could provide a basis for liability under the Federal Tort Claims Act for an assault by a government employee. See *Sheridan v. United States, supra*. However, the concurrence saw no way around that question, recognizing that an injury could arise from multiple causes, i.e., from an intentional tort and from antecedent negligence. The concurrence stated:

> To determine whether a claim arises from an intentional assault or battery and is therefore barred by the exception, a court must ascertain whether the alleged negligence was the breach of a duty to select or supervise the employee-tortfeasor or the breach of some separate duty independent from the employment relation. . . . If the allegation is that the Government was negligent in the supervision or selection of the employee and that the intentional tort occurred as a result, the intentional tort exception of § 2680(h) bars the claim. Otherwise, litigants could avoid the substance of the exception because it is likely that many, if not all, intentional torts of Government employees plausibly could be ascribed to the negligence of the tortfeasor's supervisors. To allow such claims would frustrate the purposes of the exception.

*Sheridan v. United States*, 487 U.S. 392, 406-07, 108 S. Ct. 2449, 101 L. Ed. 2d 352 (1988) (Kennedy, J., concurring in judgment).

■ We agree with and adopt the reasoning of the concurrence. Where the plaintiff's tort claim is based on the mere fact of government employment (such as a respondeat superior claim) or on the employment relationship between the intentional tortfeasor and the government (such as a negligent supervision or negligent hiring claim), the exception in § 81-8,219(4) applies and the State is immune from suit. See *Sheridan v. United States, supra* (Kennedy, J., concurring in judgment). Johnson's causes of action against the defendants fall squarely within the second of the two enumerated instances; each are based upon the employment relationship between Johnson's alleged assailant and the defendants. Thus, the intentional tort exception of § 81-8,219(4) applies and bars Johnson's action against the defendants. Accordingly, we affirm the district court's order dismissing Johnson's petition without an opportunity to amend.

AFFIRMED.

WRIGHT and CONNOLLY, JJ., concur in the result.