Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/28/2020 09:06 AM CST

Amie L. Rutledge, appellant, v. City of
Kimball, a political subdivision of
the State of Nebraska, appellee.

___ N.W.2d ___

Filed December 6, 2019.    No. S-18-924.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Political Subdivisions Tort Claims Act.** Whether the allegations made by a plaintiff present a claim that is precluded by exemptions set forth in the Political Subdivisions Tort Claims Act is a question of law.

3. **Political Subdivisions Tort Claims Act: Appeal and Error.** An appellate court has an obligation to reach its conclusion on whether a claim is precluded by exemptions set forth in the Political Subdivisions Tort Claims Act independent from the conclusion reached by the trial court.

4. **Political Subdivisions Tort Claims Act.** The Political Subdivisions Tort Claims Act governs claims made against a political subdivision when the claim is based upon acts or omissions of an employee occurring within the scope of employment.

5. **Political Subdivisions Tort Claims Act: Immunity: Waiver.** The Political Subdivisions Tort Claims Act allows a limited waiver of a political subdivision's sovereign immunity with respect to certain, but not all, types of tort actions.

6. **Political Subdivisions Tort Claims Act: Immunity: Waiver: Intent: Words and Phrases.** Neb. Rev. Stat. § 13-910 (Reissue 2012) sets forth specific claims that are exempt from the waiver of sovereign immunity, including any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. This is sometimes referred to as the "intentional torts exception."

7. **Tort Claims Act: Public Officers and Employees: Immunity: Intent: Tort-feasors.** Under the intentional torts exception, the State is immune from suit when the tort claim is based on the mere fact of government employment (such as a respondeat superior claim) or on the employment relationship between the intentional tort-feasor and the government (such as a negligent supervision or negligent hiring claim).

8. **Political Subdivisions Tort Claims Act: Negligence: Liability: Damages.** When conduct arises out of a battery, it falls within the exception of Neb. Rev. Stat. § 13-910(7) (Reissue 2012), and the political subdivision is not liable for damages resulting from the battery, even when the pleaded conduct is characterized or framed as negligence.

9. **Negligence: Damages: Proximate Cause.** In order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty.

10. **Negligence.** The threshold issue in any negligence action is whether the defendant owes a legal duty to the plaintiff.

11. **Negligence: Liability.** There is no duty to control the conduct of a third person so as to prevent him or her from causing physical harm to another, unless a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct.

12. ____: ____. When a special relationship exists, an actor in that relationship owes a duty of reasonable care to third parties with regard to risks posed by the other that arise within the scope of the relationship.

13. **Statutes: Immunity: Waiver.** Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.

Appeal from the District Court for Kimball County: DEREK C. WEIMER, Judge. Affirmed.

James R. Korth, of Reynolds, Korth & Samuelson, P.C., L.L.O., for appellant.

Steven W. Olsen and Paul W. Snyder, of Simmons Olsen Law Firm, P.C., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

Heavican, C.J.

## INTRODUCTION

This case arose out of an alleged assault and battery perpetrated by David Ford, an employee of appellee, the City of Kimball, Nebraska (City). Appellant, Amie L. Rutledge, filed a complaint alleging the City was negligent for failing to supervise Ford and for failing to protect the general public and Rutledge from Ford when the City knew or should have known of Ford's past violent behavior, violent propensities, and prior assaults. The district court granted the City's motion to dismiss on the grounds that the claim was barred by the intentional torts exception to the Political Subdivisions Tort Claims Act (PSTCA). We affirm.

## BACKGROUND

On July 26, 2013, Rutledge filed a claim with the City for damages incurred after its then employee, Ford, allegedly attacked and choked her in the Kimball City Building. On August 2, Rutledge also filed a complaint in the district court for Kimball County against Ford for assault and battery.

After her claim was denied by the City, Rutledge amended her complaint against Ford to add the City as an additional party. As noted above, Rutledge alleged the City was negligent for failing to take proper measures to supervise Ford and protect the general public and Rutledge when the City knew or should have known of Ford's past violent behavior, violent propensities, and prior assaults.

The City filed a motion to dismiss, claiming Rutledge failed to state a claim upon which relief could be granted. On July 8, 2014, the district court granted the City's motion after finding the allegations against the City arose out of Ford's alleged assault and battery and, thus, were exempt from application of the PSTCA. On September 14, 2018, Rutledge filed a motion to dismiss her complaint against Ford with prejudice, which was granted by the district court the same day.

## ASSIGNMENT OF ERROR

Rutledge's sole assignment of error is that the trial court erred in granting the City's motion to dismiss for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[1]

[2,3] Whether the allegations made by a plaintiff present a claim that is precluded by exemptions set forth in the PSTCA is a question of law.[2] An appellate court has an obligation to reach its conclusion on whether a claim is precluded by exemptions set forth in the PSTCA independent from the conclusion reached by the trial court.[3]

## ANALYSIS

Rutledge argues her claims are not barred by the intentional torts exception to the PSTCA, because they did not arise from Ford's assault and battery, but from the City's "independent duty to protect [her] from [Ford's] foreseeable acts of violence."[4] The City maintains that Rutledge's claims are barred by the intentional torts exception because they arise from an assault and battery and that Rutledge "is simply re-framing an injury . . . as negligence" in an attempt to avoid the City's sovereign immunity.[5]

[4-6] The PSTCA governs claims made against a political subdivision when the claim is based upon acts or omissions of

---

[1] *Patterson v. Metropolitan Util. Dist.*, 302 Neb. 442, 923 N.W.2d 717 (2019).

[2] *Kimminau v. City of Hastings*, 291 Neb. 133, 864 N.W.2d 399 (2015).

[3] *Id.*

[4] Brief for appellant at 8.

[5] Brief for appellee at 6.

an employee occurring within the scope of employment.[6] The PSTCA allows a limited waiver of a political subdivision's sovereign immunity with respect to certain, but not all, types of tort actions.[7] Section 13-910 sets forth specific claims that are exempt from the waiver of sovereign immunity, including "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."[8] This is sometimes referred to as the "'intentional torts exception.'"[9]

In *Johnson v. State*,[10] this court analyzed the intentional torts exception contained in the State Tort Claims Act, which contains language identical to the PSTCA.[11] In that case, an inmate filed a negligence claim against the State of Nebraska, the Omaha Correctional Center, and the Nebraska Department of Correctional Services, alleging she was sexually assaulted by an employee of the Department of Correctional Services while the employee was acting within the scope of his employment. The plaintiff alleged the defendants were negligent in (1) violating Nebraska jail standards with respect to the housing of female inmates, (2) failing to properly supervise their employees, (3) failing to properly hire employees, (4) failing to properly maintain the Omaha Correctional Center, and (5) failing to discipline the employee who allegedly perpetrated the sexual assault. The district court dismissed the plaintiff's petition after finding her claims were barred by the intentional torts exception because they arose out of an assault. This court

---

[6] See Neb. Rev. Stat. § 13-910(1) to (12) (Reissue 2012).

[7] *City of Lincoln v. County of Lancaster*, 297 Neb. 256, 898 N.W.2d 374 (2017).

[8] See, *id*; § 13-910(7).

[9] See *City of Lincoln v. County of Lancaster, supra* note 7, 297 Neb. at 260, 898 N.W.2d at 378.

[10] *Johnson v. State*, 270 Neb. 316, 700 N.W.2d 620 (2005).

[11] See Neb. Rev. Stat. § 81-8,219(4) (Reissue 2014).

affirmed the judgment of the district court. In doing so, we adopted Justice Kennedy's concurrence in the U.S. Supreme Court case *Sheridan v. United States*.[12]

When addressing the intentional torts exception to the Federal Tort Claims Act, Justice Kennedy's concurrence recognized that an injury could arise from more than one cause and stated:

> "To determine whether a claim arises from an intentional assault or battery and is therefore barred by the exception, a court must ascertain whether the alleged negligence was the breach of a duty to select or supervise the employee-tortfeasor or the breach of some separate duty independent from the employment relation. . . . If the allegation is that the Government was negligent in the supervision or selection of the employee and that the intentional tort occurred as a result, the intentional tort exception . . . bars the claim. Otherwise, litigants could avoid the substance of the exception because it is likely that many, if not all, intentional torts of Government employees plausibly could be ascribed to the negligence of the tortfeasor's supervisors. To allow such claims would frustrate the purposes of the exception."[13]

[7] To summarize, *Johnson* held that under the intentional torts exception, the State is immune from suit when the tort claim "is based on the mere fact of government employment (such as a respondeat superior claim) or on the employment relationship between the intentional tort-feasor and the government (such as a negligent supervision or negligent hiring claim)."[14]

---

[12] *Sheridan v. United States*, 487 U.S. 392, 108 S. Ct. 2449, 101 L. Ed. 2d 352 (1988).

[13] *Johnson v. State, supra* note 10, 270 Neb. at 322, 700 N.W.2d at 625 (quoting *Sheridan v. United States, supra* note 12 (Kennedy, J., concurring in judgment)).

[14] *Johnson v. State, supra* note 10, 270 Neb. at 323, 700 N.W.2d at 625.

[8] Similarly, in *Britton v. City of Crawford*,[15] this court held that when conduct "'aris[es] out of' a battery," it falls within the exception of § 13-910(7) and the political subdivision is not liable for damages resulting from the battery, even when the pleaded conduct is characterized or framed as negligence. In *Britton*, the personal representative of the estate of a deceased police shooting victim sued the City of Crawford under the PSTCA, alleging it was negligent in handling a standoff where the victim had barricaded himself. The City of Crawford filed a motion to dismiss the complaint on the grounds that it failed to state a cause of action upon which relief could be granted, and it argued the City of Crawford could not be held liable under the PSTCA, because the complaint alleged assault and battery. The district court granted the City of Crawford's motion to dismiss. This court affirmed and held the claim was barred by the intentional torts exception because the alleged negligence was "inextricably linked" to a battery.[16] We reasoned that "[w]hile other factors may have contributed to the situation which resulted in [the victim's] death, but for the battery, there would have been no claim."[17]

Here, Rutledge's claim clearly arises out of a battery. Rutledge alleges Ford attacked and strangled her, without her consent, intending to cause a harmful or offensive contact with her.[18] She further alleges the City was negligent because it "knew or should have known that FORD had displayed past violent behavior and violent propensities, including prior

---

[15] *Britton v. City of Crawford*, 282 Neb. 374, 383, 803 N.W.2d 508, 516 (2011).

[16] *Id.* at 386, 803 N.W.2d at 518.

[17] *Id.*

[18] See *Britton v. City of Crawford, supra* note 15, 282 Neb. at 382, 803 N.W.2d at 515 (defining intentional tort of battery as "'"an actual infliction" of an unconsented injury upon or unconsented contact with another'" or "'any intentional, unlawful physical violence or contact inflicted on a human being without his consent'").

assaults upon citizens[,] while on duty with [the] CITY" and "in failing to take proper measures to supervise FORD and protect the general public, specifically RUTLEDGE." In her brief, Rutledge asserts her claim is not barred by the intentional torts exception, because it is not based on "vicarious liability, or for negligent supervision or negligent hiring."[19] She contends that "Ford's employment status is immaterial," yet she argues the City "was uniquely positioned as his employer, with full knowledge of the facts and circumstances of that prior violent act and subsequent control over Ford, to protect [her]."[20] Rutledge further argues her negligence claim is "wholly independent" of Ford's employment status, because it alleges the City was negligent for "failing to protect [her] and the public in general."[21]

[9-12] We hold that Rutledge's negligence claim is barred by the PSTCA because she cannot allege any potential source of duty other than Ford's employment status. In order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty.[22] The threshold issue in any negligence action is whether the defendant owes a legal duty to the plaintiff.[23] This court has held that there is no duty to control the conduct of a third person so as to prevent him or her from causing physical harm to another, unless "'a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct.'"[24]

---

[19] Brief for appellant at 5.

[20] *Id.* at 8.

[21] *Id.* at 5,7.

[22] *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018).

[23] *Id.*

[24] *Rodriguez v. Catholic Health Initiatives*, 297 Neb. 1, 11, 899 N.W.2d 227, 235 (2017).

When a special relationship exists, an actor in that relationship "'owes a duty of reasonable care to third parties with regard to risks posed by the other that arise within the scope of the relationship.'"[25] Here, there is no special relationship between Ford and the City—other than his employment relationship—that could give rise to an affirmative duty to protect Rutledge from Ford.

At oral argument, Rutledge raised for the first time the theory of premises liability. She did not specifically plead premises liability in her complaint; however, she cited to this court's holding in *Doe v. Omaha Pub. Sch. Dist.*[26] in support of her argument that the City was negligent in failing to protect Rutledge and the general public from Ford.

In *Doe*, a student had been sexually assaulted by another student during school and the plaintiff alleged the school district breached its duty to take reasonable steps to prevent foreseeable violence from occurring on its premises. We held that the intentional torts exception did not clearly indicate the claim was barred, because the alleged breach was of an independent legal duty unrelated to any possible employment relationship between the assailant and the school district.

The present case is easily distinguished from our holding in *Doe*. Specifically, in *Doe*, there was no allegation that the assailant was an agent or employee of the political subdivision. Further, the school district had an existing duty, based on its relationship with the student victim, to protect against harm when the conduct was sufficiently foreseeable.[27] Here, the only relationship that existed was the employment relationship

---

[25] *Id.* at 12, 899 N.W.2d at 235 (quoting 2 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 41(a) (2012)). See, also, *Ginapp v. City of Bellevue*, 282 Neb. 1027, 809 N.W.2d 487 (2012); *Bartunek v. State*, 266 Neb. 454, 666 N.W.2d 435 (2003).

[26] *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 727 N.W.2d 447 (2007).

[27] See *id*. See, also, *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010).

between Ford and the City; therefore, the intentional torts exception preserves sovereign immunity.[28]

[13] Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver.[29] While Rutledge's claim is characterized as one of negligence, no claim would exist but for Ford's alleged battery. At oral argument, Rutledge conceded that there never would have been a lawsuit had she not been assaulted. Thus, regardless of how the claim is pled, Rutledge's claim is inextricably linked to a battery. Accordingly, the alleged negligence falls within the intentional torts exception to the PSTCA and the City has not waived its sovereign immunity.

## CONCLUSION

We conclude that Rutledge's negligence claim arises out of a battery and thus is barred by the intentional torts exception to the PSTCA. We affirm the judgment of the district court.

Affirmed.

---

[28] See *Johnson v. State, supra* note 10.

[29] *Patterson v. Metropolitan Util. Dist., supra* note 1.

Papik, J., concurring.

I agree with the court's determination that the City of Kimball is immune from Rutledge's suit under Neb. Rev. Stat. § 13-910(7) (Reissue 2012) because it arises out of a battery. I write separately to express concern regarding the soundness of the primary case upon which the plaintiff relies, *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 727 N.W.2d 447 (2007).

As the court notes, we held in *Doe* that a claim that a school district negligently failed to protect one student from being sexually assaulted by another did not "arise out of" an assault and thus could proceed under the Political Subdivisions Tort Claims Act (PSTCA). We held that the claim did not arise out of an assault, because the plaintiff alleged that the school

district breached a legal duty independent of any employment relationship between it and the assailant. We said that the claim was "not based upon the assault itself" and that the plaintiff "could not prevail merely by proving that it occurred." *Doe*, 273 Neb. at 88, 727 N.W.2d at 456. I do not believe, however, that this analysis is consistent with our general principles of statutory interpretation, the particular way in which we have said that the PSTCA should be interpreted, or our case law.

We generally interpret statutes according to their plain and ordinary meaning. See *State ex rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 924 N.W.2d 664 (2019). As we have observed, the use of the phrase "arising out of" in § 13-910(7) means that more than just claims for the listed intentional torts are exempted and that plaintiffs may not reframe claims that arise out of those intentional torts to escape the exemption. See *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011). So when does a claim "arise out of" one of the listed intentional torts? In a case involving identical language in the Federal Tort Claims Act, Justice O'Connor explained that if the phrase "arising out of an assault or battery" is given its ordinary meaning, it would cover any case in which a battery is essential to the claim. *Sheridan v. United States*, 487 U.S. 392, 108 S. Ct. 2449, 101 L. Ed. 2d 352 (1988) (O'Connor, J., dissenting; Rehnquist, C.J., and Scalia, J., join). In my view, this is correct. A claim may arise out of more than just a battery, but if the claim would not exist without a battery, as a matter of plain language, it arises out of a battery.

Even if I were not persuaded that the plain language of § 13-910(7) can only be read to exempt any claim that would not exist without one of the intentional torts enumerated therein, I believe that reading should still control under our principles for interpreting the PSTCA. We have said that because statutes that waive sovereign immunity are to be strictly construed against waiver, exemptions from a waiver of sovereign immunity must be read broadly. See *Stick v. City of Omaha*,

289 Neb. 752, 857 N.W.2d 561 (2015). If § 13-910(7) is read broadly, it would certainly seem to exempt cases in which an assault, battery, or one of the other listed intentional torts was essential to the claim.

Not only is this interpretation of § 13-910(7) consistent with its language and our rules for interpreting the PSTCA, we have previously relied on this interpretation to hold that a claim is barred. In *Britton*, we held that a claim of negligence was barred, explaining that "but for the battery, there would have been no claim." 282 Neb. at 386, 803 N.W.2d at 518. The court relies on similar reasoning in this case, concluding that Rutledge would have no claim but for the alleged battery.

It is difficult for me to reconcile the result in *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 727 N.W.2d 447 (2007), with the foregoing. The plaintiff in *Doe* clearly would not have had a claim if not for the assault. That, it seems to me, should have been the end of the matter for all the reasons discussed above. And yet, the plaintiff was allowed to proceed because there was a breach of an "independent legal duty, unrelated to any possible employment relationship." *Id.* at 88, 727 N.W.2d at 456.

In this case, Rutledge attempts to argue that, as in *Doe*, the defendant breached a legal duty independent of an employment relationship. I think that the court reasonably explains why Rutledge did not identify and certainly did not plead facts demonstrating such a duty and that it is thus not necessary to confront the viability of *Doe* today. Before we rely on *Doe* again, however, I believe we should consider whether it is consistent with our general approach and specific decisions in this area.