Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/03/2026 08:10 AM CST

- 116 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

Barbara Roebuck, individually and as the parent
and next friend of Jeremiah Roebuck, a minor
child, appellant, v. North Platte Public
School District, a political subdivision
of the State of Nebraska, appellee.

___ N.W.3d ___

Filed March 3, 2026.    No. A-25-308.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Political Subdivisions Tort Claims Act: Appeal and Error.** Whether the allegations in a complaint constitute a cause of action under the Political Subdivisions Tort Claims Act, and whether the allegations set forth claims which are precluded by an exemption under the act, present questions of law for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court.

3. **Political Subdivisions Tort Claims Act: Schools and School Districts.** The Political Subdivisions Tort Claims Act governs tort claims against political subdivisions, and public school districts are political subdivisions for purposes of the act.

4. **Political Subdivisions Tort Claims Act: Liability.** Under the Political Subdivisions Tort Claims Act, a political subdivision has no liability for the torts of its officers, agents, or employees, except to the extent, and only to the extent, provided by the act.

5. **Political Subdivisions Tort Claims Act: Immunity: Dismissal and Nonsuit.** When an exemption under the Political Subdivisions Tort Claims Act applies, the political subdivision is immune from the claim and the proper remedy is to dismiss it for lack of subject matter jurisdiction.

- 117 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

6. **Political Subdivisions Tort Claims Act: Assault: Battery: Words and Phrases.** A broad definition of the phrase "arising out of an assault or battery" under the Political Subdivision Tort Claims Act is consistent with the plain language of the phrase and its meaning should not change depending on the status of the actor as governmental versus nongovernmental.

7. **Courts: Immunity: Waiver.** The judiciary does not have the power to waive sovereign immunity.

8. **Political Subdivisions Tort Claims Act: Assault: Battery.** In determining whether a claim arises out of an assault under the Political Subdivisions Tort Claims Act, the question is whether the injury the plaintiff seeks to recover for stems from, arises out of, is inextricably linked to, and would not exist without an underlying assault or battery.

Appeal from the District Court for Lincoln County: RICHARD A. BIRCH and CINDY R. VOLKMER, Judges. Affirmed.

James R. Korth, of Reynolds, Korth & Samuelson, P.C., L.L.O., for appellant.

Charles E. Wilbrand, Robert J. Drust III, and Anthony M. Budell, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

In 2017, Jeremiah Roebuck (Jeremiah), then 12 years old, was physically assaulted by another classmate at the middle school they both attended. As relevant to this appeal, Barbara Roebuck (Roebuck), individually and as parent and next friend of Jeremiah, sued the North Platte Public School District (the School District) under the Political Subdivisions Tort Claims Act (PSTCA), see Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2022), alleging the School District was negligent in failing to protect Jeremiah, in failing to provide timely medical treatment, and in failing to timely notify Roebuck of the assault. The district court for Lincoln County granted the

- 118 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

School District's motion to dismiss on the grounds of sovereign immunity. We affirm.

## BACKGROUND

Jeremiah was in seventh grade when, in a hallway at his middle school, a classmate "repeatedly slammed [Jeremiah's] head against a metal locker." As a result of the assault, Jeremiah sustained a traumatic brain injury. After complying with the presuit notice requirements under the PSTCA, Roebuck filed a negligence action against the assailant, his parents, and the School District. In an amended complaint, Roebuck asserted that the School District knew the assailant was violent but left the students unsupervised. She further alleged that after the assault, the School District sent Jeremiah back to class and failed to notify her of the assault until 2 weeks later, although she learned of the assault later that day. As a result of this negligence, Roebuck sought damages for Jeremiah's physical injuries and for recovery of associated medical costs.

The School District filed a motion to dismiss or, in the alternative, a motion for summary judgment, asserting that the court lacked subject matter jurisdiction and that the amended complaint failed to state a cause of action. Specifically, the School District alleged that Roebuck's claim arose out of an incident of assault and battery, which is barred by § 13-910(7). Following a telephonic hearing, the district court granted the School District's motion.

In its analysis of the motion to dismiss, the district court relied upon *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020), an opinion released 2 months prior to the hearing on the motion to dismiss. It determined that the "Supreme Court's holding in *Moser* is broadly stated, applicable to this case, and controls the outcome of this case." It rejected Roebuck's attempt to distinguish the School District's liability for preassault negligence from its liability for postassault negligence, reasoning that although *Moser* involved allegations only of

- 119 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

preassault negligence, the plain language of *Moser* applies to any claim that arises out of an assault, regardless of whether the alleged negligence occurred prior to or after the assault. And because Roebuck's claim arose out of an assault, the School District was immune from liability. Consequently, it dismissed the School District from the lawsuit.

Following a stipulated dismissal with prejudice of the remaining defendants, Roebuck appealed the district court's order granting the School District's motion to dismiss.

## ASSIGNMENTS OF ERROR

Roebuck assigns the district court erred in (1) sustaining the School District's "Motion for Default Judgment," (2) finding that "§13-901(7)" barred her claims, and (3) finding that her claim that the School District engaged in negligent acts after the assault arose out of the assault and was therefore barred.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Larsen v. Sarpy Cty. Sch. Dist. No. 77-0027*, 319 Neb. 823, 25 N.W.3d 185 (2025).

[2] Whether the allegations in a complaint constitute a cause of action under the PSTCA, and whether the allegations set forth claims which are precluded by an exemption under the PSTCA, present questions of law for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court. *Larsen, supra*.

## ANALYSIS

Although Roebuck assigns three errors, they can be consolidated as follows: The district court erred in granting the School District's motion to dismiss because under prior case law, § 13-910(7) did not preclude a negligence claim for failure to prevent an assault, nor does § 13-910(7) preclude postassault claims based on negligence. (We note Roebuck

- 120 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

erroneously identifies the motion to dismiss as a motion for default judgment and transposes the appropriate statute—errors we disregard in our analysis.) We find no error in the dismissal of Roebuck's complaint.

[3-5] The PSTCA governs tort claims against political subdivisions, and public school districts are political subdivisions for purposes of the PSTCA. See *Larsen, supra*. Under the PSTCA, a political subdivision has no liability for the torts of its agents or employees, except as provided in the PSTCA. See *Larsen, supra*. Section 13-910 exempts certain types of tort claims from the limited waiver of sovereign immunity. When an exemption under the PSTCA applies, the political subdivision is immune from the claim and the proper remedy is to dismiss it for lack of subject matter jurisdiction. *Larsen, supra*.

Section 13-910(7) identifies claims "arising out of assault [or] battery" as types of tort claims for which a political subdivision has not consented to be sued. The Nebraska Supreme Court has addressed the phrase "arising out of an assault or battery" in the context of both the PSTCA and the State Tort Claims Act (STCA). See, e.g., *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011) (in context of PSTCA); *Johnson v. State*, 270 Neb 316, 700 N.W.2d 620 (2005) (in context of STCA). It determined that the phrase "arising out of an assault or battery" is broader than the phrase "for assault or battery" and thus includes claims that sound in negligence but stem from an assault or battery. See *id*.

[6] In *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020), the Supreme Court synthesized the numerous cases in which it had addressed the intentional tort exemption in either the PSTCA or the STCA. It observed that its "case law on the assault and battery exception to this point has generally found immunity in cases where the actor committing the assault or battery was an employee or agent of the State, but not where the actor was a nongovernmental actor." *Moser*, 307 Neb. at 25, 948 N.W.2d at 200. It determined, however,

- 121 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

that a broad definition of the phrase "arising out of an assault or battery" was consistent with the plain language of the phrase and concluded that its meaning should not change depending on the status of the actor as governmental versus nongovernmental. *Moser, supra*. Consequently, it overruled its decision in *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 727 N.W.2d 447 (2007).

In *Doe*, a student sued a school district, alleging she was sexually assaulted by a fellow student during school hours and while on school property. She alleged the school district was negligent in breaching its duty to take reasonable steps to prevent foreseeable violence from occurring on its premises. *Id*. The Supreme Court held that the school district was not immune from liability because the claim did not arise from an assault, but, rather, from an alleged negligent failure to protect the student.

The *Moser* court found that *Doe* was an outlier, that it was inconsistent with other cases in which the court had applied the "arising out of" language, and that it did not comply with the court's obligation to strictly construe the State's waiver of immunity. The court then proceeded to address whether the "arising out of" language provided the State with immunity under the specific allegations of the complaint before it. See *Moser, supra*. Those allegations included that the State was negligent in "'double bunking'" two inmates, one of whom was ultimately strangled by the other. *Id*. at 46, 948 N.W.2d at 212. The court concluded that because the plaintiff in *Moser* alleged in her complaint that the decedent's cellmate "assaulted" the decedent, and a reading of the complaint confirmed that all allegations, including the negligence claim of the decision to double bunk the inmates, flowed from the assault, the State was immune from liability. *Moser*, 307 Neb. at 43, 948 N.W.2d at 210.

Applying the above framework to the allegations of Roebuck's amended complaint, we reach the same result. Roebuck asserted that Jeremiah "was physically assaulted"

- 122 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

by another student while on school property. She alleged the School District was negligent in failing to properly supervise the students and in failing to timely notify her of the assault, resulting in delayed medical treatment. All these acts "aris[e] out of" the initial assault; therefore, the School District is immune from liability under § 13-910(7).

Roebuck argues that the district court erred in applying *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020), because it was released after she filed her amended complaint, and she was relying on prior precedent to support her claim. But in overruling *Doe, supra*, the Supreme Court recognized it was an outlier and inconsistent with other cases interpreting the same phrase. *Moser* did not establish a new principle of law; rather, it corrected inconsistent application of the phrase "arising out of assault or battery." This result was foreshadowed by the concurrence in *Rutledge v. City of Kimball*, 304 Neb. 593, 604, 935 N.W.2d 746, 754 (2019) (Papik, J., concurring) (suggesting "[b]efore we rely on *Doe* again, however, I believe we should consider whether it is consistent with our general approach and specific decision in this area").

[7] The *Moser* court's interpretation of the phrase is consistent with the well-established practice of applying strict construction legal principles of the PSTCA exceptions to sovereign immunity. Moreover, the judiciary does not have the power to waive sovereign immunity. *Edwards v. Douglas County*, 308 Neb. 259, 953 N.W.2d 744 (2021). Because *Moser* properly construed the intentional tort exemption, we find no error in its application to the facts of this case.

Roebuck also asserts that her claims of postassault negligence in failing to timely notify her of the assault and provide medical treatment do not arise out of the assault. She argues that the dismissal of these claims "over-applies the legal principle espoused in *Moser*." Brief for appellant at 6. We disagree.

Although *Moser* involved preassault negligence claims, its language is broad. In overruling *Doe*, the *Moser* court cited

- 123 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

the basis upon which *Doe* was decided—that the claim was not based upon the assault itself, but, rather, upon a breach of a duty that occurred before the assault occurred. It determined that its interpretation in *Doe* was inconsistent with prior and subsequent case law setting forth a broad definition of the phrase "arising out of an assault or battery." It explained that "if a claim would not exist without an assault or battery, it arises out of that battery and is more consistent with our other case law on this issue." *Moser*, 307 Neb. at 29, 948 N.W.2d at 202.

Regardless of whether the alleged negligence occurred before or after the assault, if the claim would not exist without the assault, it arises out of it. As recognized in *Britton v. City of Crawford*, 282 Neb. 374, 386, 803 N.W.2d 508, 518 (2011), "[e]ven if it is possible that negligence was a contributing factor to [the victim's injury], the alleged negligence was inextricably linked to a battery. [The plaintiff's] suit is thus barred by the PSTCA."

[8] Here, Roebuck's amended complaint seeks damages related to Jeremiah's traumatic brain injury resulting from the assault. In determining whether a claim arises out of an assault under the PSTCA, the "question is whether the injury the plaintiff seeks to recover for stems from, arises out of, is inextricably linked to, and would not exist without an underlying assault or battery." *Dion v. City of Omaha*, 311 Neb. 522, 545-46, 973 N.W.2d 666, 684 (2022). Clearly, the answer here is that it does. Therefore, we find *Moser, supra*, properly applies to Roebuck's postassault claims.

Application of *Moser* to claims of postassault negligence is also consistent with subsequent case law. In *Edwards, supra*, a claim was brought against the county, alleging it was negligent in handling emergency calls to the 911 emergency dispatch service during a hostage situation. The victim alleged that because of the county's negligence, emergency personnel did not arrive in time to prevent or stop the sexual assault. The Supreme Court determined that the county was immune

- 124 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

from prosecution under the intentional tort exemption of the PSTCA. It explained that

> with the exception of *Doe*, our cases have construed the intentional tort exemption to give it the full breadth demanded by its plain text and our canons of construction. We have said the exemption applies whenever an assault "is essential to the claim," and it bars claims against the government which "sound in negligence but stem from [an assault or] battery." We have also said the exemption encompasses claims that "would not exist without an assault or battery," and claims which are "'inextricably linked to [an assault or] battery.'" All of these articulations speak to the same point: when a tort claim against the government seeks to recover damages for personal injury or death stemming from an assault, the claim necessarily "arises out of assault" and is barred by the intentional tort exemption under the PSTCA. The plain language of the exemption and our principles of strict construction require this result no matter how the tort claim has been framed and regardless of the assailant's employment status.

*Edwards v. Douglas County*, 308 Neb. 259, 277-78, 953 N.W.2d 744, 756 (2021).

Roebuck filed a tort claim against the School District in which she sought to recover damages for personal injury Jeremiah sustained in the assault; hence, the claim necessarily arises from the assault and is barred by the intentional tort exemption under the PSTCA. Although couched in terms of negligence in failing to timely notify her and seek medical treatment, this type of semantic recasting of events has consistently been rejected by our Supreme Court. See, e.g., *Edwards, supra*; *Britton, supra*. "Because the Legislature has broadly exempted from the PSTCA '[a]ny claim arising out of assault,' it is immaterial whether [the plaintiff] has alleged the assault occurred because the government negligently failed to prevent it or because the government negligently delayed in

- 125 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
ROEBUCK v. NORTH PLATTE PUB. SCH. DIST.
Cite as 34 Neb. App. 116

responding to it." *Edwards*, 308 Neb. at 279, 953 N.W.2d at 757.

Roebuck's claim against the School District, although couched in terms of negligence, arose out of the assault against Jeremiah. Consequently, it is barred by the intentional acts exemption of the PSTCA. The district court did not err in granting the School District's motion to dismiss.

## CONCLUSION

For the foregoing reasons, we determine that the School District is immune from liability. Accordingly, we affirm the order of the district court dismissing Roebuck's amended complaint.

AFFIRMED.