Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/14/2019 09:08 AM CDT

- 606 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

STATE OF NEBRASKA EX REL. DOUGLAS J. PETERSON,
ATTORNEY GENERAL, APPELLEE, V. CREATIVE
COMMUNITY PROMOTIONS, LLC, AND
JOEL BIESCHKE, APPELLANTS.

___ N.W.2d ___

Filed March 22, 2019.    No. S-18-321.

1. **Jurisdiction: Appeal and Error.** The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
3. **Attorney Fees: Appeal and Error.** A trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.
4. **Summary Judgment: Appeal and Error.** After trial, the merits should be judged in relation to the fully developed record, not whether a different judgment may have been warranted on the record at summary judgment.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed in part, and in part dismissed.

Siegfried H. Brauer for appellants.

Douglas J. Peterson, Attorney General, and James D. Smith for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ.

- 607 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

Papik, J.

After years of litigation, the State of Nebraska voluntarily dismissed claims it had asserted under Nebraska's Consumer Protection Act and the Uniform Deceptive Trade Practices Act against Creative Community Promotions, LLC, and its owner and operator, Joel Bieschke (collectively CCP). CCP claimed that after the State's dismissal, it was entitled to attorney fees under those statutes. The district court denied CCP's request for attorney fees, and CCP now appeals. Because both statutes authorize an award of attorney fees only to a "prevailing party" and because we find that CCP does not qualify as such, we affirm, in part. We also find that we lack jurisdiction to review orders vacating summary judgment in favor of CCP and overruling CCP's subsequent motion for summary judgment and therefore dismiss, in part.

BACKGROUND

*Allegations of Parties.*

The State of Nebraska commenced this action against CCP in September 2014. It alleged that CCP promoted and sold ticket packages to a January 2014 concert in Omaha, Nebraska. The ticket packages were to include transportation from various locations in Nebraska to Omaha, accommodations in Omaha, meals, and a concert ticket. The State alleged, however, that CCP did not secure all the necessary tickets to the concert and that many purchasers traveled to Omaha, only to learn they did not have concert tickets. The State alleged that while attempts were made to secure seating, many purchasers missed part of the concert, had to stand for portions of it, or were unable to watch the concert altogether. Based on these allegations, the State asserted claims under Nebraska's Consumer Protection Act (hereinafter CPA), see Neb. Rev. Stat. § 59-1601 et seq. (Reissue 2010 & Cum. Supp. 2018), and the Uniform Deceptive Trade Practices Act (hereinafter UDTPA), see Neb. Rev. Stat. § 87-301 et seq. (Reissue 2014 & Cum. Supp. 2018).

- 608 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

CCP generally denied the State's allegations. Additionally, CCP contended that Bieschke had made arrangements to purchase tickets to the concert from an individual who obtained and resold entertainment tickets, but that the individual failed to provide the tickets. CCP contended that there had been no violation of the CPA or the UDTPA. In its answer, it asked that the State's action be dismissed and that CCP be awarded attorney fees.

*Procedural History.*

The parties proceeded to litigate the case and encountered various twists and turns along the way. Notably, in October 2015, the district court entered summary judgment in favor of CCP. In a written order, the court explained that the evidence demonstrated that CCP intended to provide the tickets to its customers and thus did not violate the CPA or the UDTPA. Shortly thereafter, CCP filed a "Motion for Statutory Attorneys Fees," in which it claimed a right to attorney fees under §§ 59-1608 and 87-303.

Before CCP's attorney fees motion was heard and ruled upon, however, the State moved for reconsideration of the summary judgment order. On April 1, 2016, the State's motion was granted in a written order. The district court stated that after reviewing its prior order, it determined that it had failed to draw all inferences in favor of the State as the nonmoving party. Finding that summary judgment was inappropriate, the district court vacated its prior order of summary judgment in favor of CCP.

With the court's previous summary judgment order vacated, the parties returned to the litigation battlefield. CCP moved for summary judgment again and this time was unsuccessful. CCP later filed a document styled as a "Motion to Dismiss," and it, too, was unsuccessful.

Finally, on January 10, 2018, more than 3 years after it initiated the action, the State filed a notice of voluntary dismissal. The State asserted that it was "voluntarily dismiss[ing] the

- 609 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

above captioned matter with prejudice." In the notice, the State specified that it had determined that settlement was "impossible" and that any financial recovery for Nebraska consumers was "extremely unlikely." The notice concluded as follows: "As such, the [State] has made a determination that its limited resources can be spent more effectively on other matters than by pursuing this case further and respectfully requests that prejudice attach to this dismissal."

One week later, on January 17, 2018, CCP filed a notice of hearing regarding its motion for statutory attorney fees. The district court proceeded to hold a hearing on the matter and received briefs from the parties regarding whether CCP was entitled to attorney fees. In a subsequent written order, the district court concluded that it had jurisdiction to decide CCP's claim for attorney fees notwithstanding the State's voluntary dismissal. The district court went on to conclude, however, that CCP was not entitled to attorney fees under either the CPA or the UDTPA. It found that the UDTPA authorizes an award of attorney fees only if "the party complaining of a deceptive trade practice has brought an action which he knew to be groundless" and that CCP was not entitled to attorney fees under the UDTPA, because the State's action was not "groundless." The district court found that CCP was not entitled to attorney fees under the CPA, because the CPA authorizes the award of attorney fees only to a "prevailing party," § 59-1608(1), and it found that the State's voluntary dismissal did not make CCP a prevailing party for purposes of the statute.

## ASSIGNMENTS OF ERROR

CCP assigns a number of errors, which can be consolidated and restated into three: (1) that the district court erred in vacating its entry of summary judgment in favor of CCP, (2) that the district court erred in denying CCP's second motion for summary judgment, and (3) that the district court erred in not awarding attorney fees to CCP under the UDTPA and the CPA.

## STANDARD OF REVIEW

[1] The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Millard Gutter Co. v. American Family Ins. Co.*, 300 Neb. 466, 915 N.W.2d 58 (2018).

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

[3] A trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *State ex rel. Stenberg v. Consumer's Choice Foods*, 276 Neb. 481, 755 N.W.2d 583 (2008).

## ANALYSIS

*CCP's Challenges to District Court's
Summary Judgment Rulings.*

We begin by addressing CCP's challenges to the district court's summary judgment rulings. As noted above, CCP challenges both the district court's order vacating its prior summary judgment in favor of CCP and its later order denying CCP's motion for summary judgment. We conclude we lack jurisdiction to address either issue.

We have held that both the denial of a motion for summary judgment and an order vacating a previous entry of summary judgment are interlocutory rather than final orders and thus not immediately appealable. See, e.g., *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999) (collecting cases holding that denial of motion for summary judgment is interlocutory and not final order); *Otteman v. Interstate Fire & Cas. Co., Inc.*, 171 Neb. 148, 105 N.W.2d 583 (1960) (holding that order vacating summary judgment was interlocutory and not final order). See, also, *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016) (holding that order vacating dismissal and reinstating case did not affect substantial right and was thus not appealable). CCP thus could not obtain review of

- 611 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

the district court's summary judgment orders at the time they were entered.

[4] We have further observed that denials of summary judgment are not appealable or reviewable even after the conclusion of a case. See *Doe v. Zedek, supra*. As we have explained, after trial, "the merits should be judged in relation to the fully developed record, not whether a different judgment may have been warranted on the record at summary judgment." *Id.* at 969, 587 N.W.2d at 890. While we do not appear to have previously confronted the same question concerning an order vacating a prior grant of summary judgment, the same rationale would seem to suggest that review of such an order is also unavailable at the conclusion of a case.

We recognize that under the circumstances of this case, the State's voluntary dismissal prevented a "fully developed record" from being formed, but we do not believe that makes the earlier summary judgment orders reviewable. For while a record was not developed, neither is there a merits determination for us to make on appeal. The State exercised its right to voluntarily dismiss its claims, and while CCP insisted that the district court take up its motion for attorney fees, an issue we discuss in more detail below, it did not otherwise object to the voluntary dismissal. The dismissal thus ended the controversy on the State's claims, and they are no longer subject to appellate review. See *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999).

*CCP's Motion for Attorney Fees:*
*Jurisdiction.*

We now turn to CCP's argument that the district court erred by denying its motion for attorney fees. And again, we are confronted with a jurisdictional issue. Here, the State argues that once it exercised its right to voluntarily dismiss its claims, the district court was without power to consider CCP's motion for attorney fees. The State argues that because the district court was without jurisdiction to award attorney

fees, we are without jurisdiction to consider CCP's entitlement to attorney fees on appeal. We disagree for reasons explained below.

The State claims it had a right to voluntarily dismiss its claims and thereby terminate the district court's jurisdiction. We have recognized, however, that even when the plaintiff has the right to dismiss an action, trial courts have discretion to protect rights which "have accrued to [a] defendant as a result of the bringing of the action, such as the preservation of a counterclaim, the restitution of property of which he has been deprived, the recovery of his costs, and the like." See *Blue River Power Co. v. Hronik*, 116 Neb. 405, 413, 217 N.W. 604, 607 (1928). See, also, *Millard Gutter Co. v. American Family Ins. Co.*, 300 Neb. 466, 915 N.W.2d 58 (2018); *Feight v. Mathers*, 153 Neb. 839, 46 N.W.2d 492 (1951).

CCP is claiming a right to attorney fees as a result of the State's having brought this action against it. Our case law generally treats attorney fees, where recoverable, as an element of court costs. See *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002). And as noted above, we have previously recognized that even when a plaintiff seeks voluntary dismissal, trial courts have discretion to protect rights of the defendant that accrued as a result of the bringing of the action, including the recovery of costs "and the like." For this reason, we believe the district court had the authority to consider CCP's claim that it was entitled to an award of attorney fees notwithstanding the State's voluntary dismissal.

We also observe that this case is not controlled by *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002), a case in which we held that a district court did not have jurisdiction to grant the defendant an award of attorney fees after the plaintiff voluntarily dismissed. In that case, however, at the time the plaintiff sought to voluntarily dismiss with prejudice, the defendant had no pending motion for attorney fees. Under those circumstances, we held that once the

- 613 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

court dismissed the action, "nothing remained for the court to decide." *Id.* at 980-81, 644 N.W.2d at 872.

The circumstances in this case are different from those in *Halford*. At the time the State sought to voluntarily dismiss, CCP had already filed a motion for attorney fees which had never been ruled upon. Because CCP claimed a right that the district court had the power to protect and because it had asserted that right prior to the State's notice of voluntary dismissal, the district court had the jurisdiction to consider CCP's claim for attorney fees.

*CCP's Motion for Attorney Fees:*
*Merits.*

This leaves the merits of CCP's motion for attorney fees. CCP claims that the district court should have awarded it attorney fees pursuant to two different statutes, §§ 87-303(b) and 59-1608(1). Section 87-303(b) provides as follows:

Costs shall be allowed to the prevailing party unless the court otherwise directs. The court in its discretion may award attorneys' fees to the prevailing party if (1) the party complaining of a deceptive trade practice has brought an action which he or she knew to be groundless or (2) the party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive.

Similarly, § 59-1608(1) states:

The Attorney General may bring an action in the name of the state against any person to restrain and prevent the doing of any act prohibited by the [CPA]. The prevailing party may, in the discretion of the court, recover the costs of such action including a reasonable attorney's fee.

Both statutes authorize the award of attorney fees only to a "prevailing party." We thus begin our analysis with whether CCP is a prevailing party. To answer that question, we must engage in statutory interpretation.

- 614 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

Our basic principles of statutory interpretation generally require us to give statutory language its plain and ordinary meaning. See *Village at North Platte v. Lincoln Cty. Bd. of Equal.*, 292 Neb. 533, 873 N.W.2d 201 (2016). As the U.S. Supreme Court has observed, however, "prevailing party" is a "legal term of art." *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (*Buckhannon*).

A legal term of art is a word or phrase having a specific, precise meaning in a given specialty apart from its general meaning in ordinary contexts. See *Wisner v. Vandelay Investments*, 300 Neb. 825, 916 N.W.2d 698 (2018). When legal terms of art are used in statutes, they are to be construed and understood according to their term of art meaning. See *Davis v. Gale*, 299 Neb. 377, 908 N.W.2d 618 (2018) (citing Neb. Rev. Stat. § 49-802(5) (Reissue 2010)). See, also, *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911 (10th Cir. 2016) ("[w]hen Congress chooses to employ a term of legal art like this we typically assume it is employing its accepted meaning").

In *Buckhannon*, the case in which the U.S. Supreme Court identified "prevailing party" as a term of art, it also explored the contours of that meaning. It explained that a "prevailing party" is "one who has been awarded some relief by the court." *Id.*, 532 U.S. at 603. Applying that concept, the Court held that the plaintiff seeking attorney fees as a "prevailing party" under federal statutes in the case before it did not qualify. It explained that even though the defendant in that case voluntarily ceased the activity challenged by the plaintiff's suit, there was no "necessary judicial *imprimatur*" on the change in relationship. *Id.*, 532 U.S. at 605 (emphasis in original). We have subsequently relied on *Buckhannon* to hold that when a defendant voluntarily ceases conduct challenged by a plaintiff's suit without judicial involvement, the plaintiff does not

- 615 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

qualify as a "prevailing party" under 42 U.S.C. § 1988 (2012). See *Simon v. City of Omaha*, 267 Neb. 718, 677 N.W.2d 129 (2004).

*Buckhannon*, to be sure, involved different factual circumstances from the case at hand. In *Buckhannon*, the plaintiff brought suit, the defendant voluntarily changed its ways, and the case was dismissed as moot. Here, CCP defended itself and the State (eventually) dropped the suit. But while the circumstances are not exactly the same, they are alike in a crucial way. In both cases, one side surrendered and, as a result, the case concluded without any judicial determination as to whether the suit was meritorious. As *Buckhannon* explains, without such a judicial determination, there is no prevailing party. With this understanding of the term "prevailing party," it quickly becomes clear that CCP does not qualify in this case. The State chose to voluntarily dismiss its claims before any judicial determination could be made as to their merits.

We note that we are not the first court to rely on the understanding of prevailing party set forth in *Buckhannon* to conclude that a defendant does not qualify merely because a plaintiff voluntarily dismissed a suit with prejudice. See, e.g., *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836 (M.D. Tenn. 2004); *Bryant v. MV Transp., Inc.*, 231 F.R.D. 480 (E.D. Va. 2005); *Smalley v. Account Services Collections, Inc.*, No. 2:15cv1488, 2017 WL 1092678 (W.D. Pa. Mar. 23, 2017) (memorandum opinion); *Righthaven LLC v. Hill*, No. 1:11-cv-00211-JLK, 2011 WL 4018105 (D. Colo. Sept. 9, 2011) (unpublished opinion). In each of these cases, courts found that because the dismissal did not involve a grant of judicial relief, the defendant was not a prevailing party.

We acknowledge other cases, some of which are cited by CCP, in which defendants were awarded attorney fees as a "prevailing party" after a voluntary dismissal with prejudice. But we believe those cases are not inconsistent with the result

we reach today. To take one illustrative example, in *Claiborne
v. Wisdom*, 414 F.3d 715 (7th Cir. 2005), the Seventh Circuit
found that a defendant was a prevailing party after the plaintiff
voluntarily dismissed. In that case, however, the plaintiff filed
a motion to dismiss, presumably under Fed. R. Civ. P. 41(a)(2),
and *the trial court* decided the dismissal should be with preju-
dice. In doing so, the trial court placed its "judicial imprima-
tur" on the dismissal. See, also, *Highway Equipment Co., Inc.
v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006) (explaining that
district court's exercise of discretion to grant dismissal with
prejudice under Fed. R. Civ. P. 41(a)(2) constitutes necessary
judicial imprimatur to confer prevailing party status); *Samsung
Electronics Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495
(E.D. Va. 2006) (same).

Unlike the cases discussed immediately above, the district
court here did not order that the case be dismissed with preju-
dice or make any determination regarding the merits of the
suit. In fact, the absence of any order from the district court
dismissing the action with prejudice at least raises the question
of whether the dismissal was, in fact, with prejudice. We rec-
ognize that the State's notice of dismissal purported to dismiss
with prejudice, but it also invoked Neb. Rev. Stat. § 25-601
(Reissue 2016), a statute that refers only to dismissals without
prejudice. It also requested that "prejudice attach to [its] dis-
missal," but the district court never took any action to indicate
that the dismissal was, in fact, with prejudice. We need not,
however, resolve the question of whether prejudice attached to
the State's dismissal, because whether it was with or without
prejudice, the district court did not find in favor of CCP on
the merits or otherwise put its imprimatur on the outcome,
and thus CCP was thus not a "prevailing party" under either
§ 87-303(b) or § 59-1608(1).

Because CCP was not a "prevailing party" under § 87-303(b)
or § 59-1608(1) and because both of those statutes authorize
the award of attorney fees only to a "prevailing party," we find

- 617 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
STATE EX REL. PETERSON v. CREATIVE COMM. PROMOTIONS
Cite as 302 Neb. 606

that the district court did not err in denying CCP's motion for attorney fees.

## CONCLUSION

As explained above, we lack jurisdiction to review CCP's claim that the district court's summary judgment orders were erroneous. While we do have jurisdiction to review CCP's claim that the district court should have granted its motion for attorney fees, we find that the district court did not err in denying that motion. Accordingly, we dismiss the portion of the appeal seeking review of the court's summary judgment orders and otherwise affirm.

AFFIRMED IN PART, AND IN PART DISMISSED.

FREUDENBERG, J., not participating.