Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/23/2021 08:10 AM CDT

Stacy Ryan, appellant, v. Streck, Inc.,
a Nebraska corporation, appellee.

___ N.W.2d ___

Filed April 29, 2021.    No. S-20-457.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court is obligated to reach an independent conclusion irrespective of the decision made by the court below.
3. **Courts: Jurisdiction.** Under 28 U.S.C. § 1367 (2018), federal courts may exercise supplemental jurisdiction over claims not otherwise within their adjudicatory authority.
4. **Actions: Words and Phrases.** A cause of action consists of the fact or facts which give one a right to judicial relief against another.
5. **Breach of Contract.** A breach of contract action consists of a promise, its breach, damages, and compliance with any conditions precedent.
6. **Statutes.** A court determines a statute's meaning based on its text, context, and structure.
7. ____. A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.
8. **Statutes: Words and Phrases.** The word "may" generally carries a permissive and discretionary meaning; and, when used in a statute, it usually implies some degree of discretion.
9. **Courts: Jurisdiction: Claims.** A federal court has subject matter jurisdiction over specified state law claims, which it may (or may not) choose to exercise.
10. **Courts: Appeal and Error.** In deciding whether to remand a matter back to the state court, federal courts consider factors such as judicial economy, convenience, fairness, and comity.

11. **Limitations of Actions: Words and Phrases.** Tolling under 28 U.S.C. § 1367(d) (2018) means to hold it in abeyance, i.e., to stop the clock.
12. **Appeal and Error.** An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it.

Appeal from the District Court for Sarpy County: Nathan B. Cox, Judge. Reversed and remanded for further proceedings.

Bonnie M. Boryca and Cory R. Wilson, of Erickson & Sederstrom, P.C., for appellant.

Victoria H. Buter and Thomas H. Dahlk, of Kutak Rock, L.L.P., for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

This appeal involves a breach of contract claim filed against Streck, Inc., by one of its former shareholders, Stacy Ryan. Ryan alleged that Streck breached its contractual obligation to redeem her shares at fair market value. Litigation commenced in state court, then proceeded to federal court. The case returned to state court, where the court dismissed the case on statute of limitations grounds. Ryan appeals and argues the statute of limitations on her breach of contract claim was tolled either by 28 U.S.C. § 1367(d) (2018) or by Neb. Rev. Stat. § 25-201.01 (Reissue 2016). We agree that § 1367(d) tolled the statute of limitations on Ryan's breach of contract claim and that as a result, the claim was timely filed. We reverse, and remand for further proceedings.

## I. BACKGROUND

In 1985, Ryan was gifted shares of Streck. In 2012, pursuant to a revised redemption agreement, Streck repurchased Ryan's shares for over $9 million. The revised redemption agreement set forth that the value of Ryan's shares would be based upon the most recent valuation completed by Juris

Valuation Advisors, LLC (JVA). In June 2015, Ryan filed suit for breach of contract in the district court for Sarpy County, alleging that Streck violated the revised redemption agreement by undervaluing the stock. Ryan voluntarily dismissed the action without prejudice.

## 1. Federal District Court

In August 2015, Ryan filed suit in federal district court, alleging a violation of the Securities Exchange Act of 1934. Ryan's complaint also included several state law claims, including the breach of contract claim for Streck's alleged violation of the revised redemption agreement. Streck moved to dismiss the complaint, alleging a failure to state a claim upon which relief could be granted. On February 18, 2016, the federal district court granted the motion and dismissed the entire complaint. In particular, as to the breach of contract claim, the federal district court noted that the "[r]evised [p]urchase [a]greement stated that the fair market value of the stock would be the one 'set forth in the most recent valuation prepared by [JVA] immediately preceding the date of the written notification of the option [to redeem] exercised by [Streck] . . . .'" The court noted that Ryan's complaint did not dispute that the price she received for her shares was the amount set forth in the most recent valuation immediately preceding her redemption. As a result, the court found that Ryan had not alleged that Streck breached any term in the agreement, and it dismissed her complaint for failure to state a claim upon which relief can be granted.

On March 17, 2016, Ryan filed a motion to alter or amend the judgment or to file an amended complaint based on newly discovered evidence. The motion alleged that a professional appraisal completed in 2014 showed that on March 28, 2012, Streck falsely represented that its voting and nonvoting shares were worth $3.49 and $3.32 per share, respectively, when the fair market value of the shares were in fact worth $8.33 and $8.09 per share, respectively. The motion alleged that

on April 12, Streck falsely represented that Ryan's stock was valued at approximately $9.5 million, when the 2014 appraisal revealed the stock was worth a total of $23 million as of March 7, 2013. The motion further alleged the discovery of new evidence which showed that JVA's 2011 appraisal was not the most recent JVA appraisal for purposes of the revised redemption agreement. Ryan alleged that the most recent JVA appraisal was completed on July 27, 2012, and showed that the voting shares were worth $4.42 per share and that the non-voting shares were worth $4.21 per share. Streck opposed the motion to alter and amend.

On June 14, 2016, the federal district court denied Ryan's motion to alter and amend, and denied her request to file an amended complaint. In particular, the court stated:

In its Order and Judgment, the Court dismissed all of Stacy Ryan's claims, finding that her allegation that she was not paid the fair market value of her stock failed to state a claim upon which relief could be granted. This was because the Court determined that Stacy Ryan alleged that she was paid an amount calculated in accordance with the [r]edemption [a]greement. In other words, although Stacy Ryan alleged that the price she received for the stock did not reflect the actual fair market value at that time of redemption, she did not dispute that the price reflected the fair market value as calculated by the 2011 [JVA] valuation, which she admitted was the most recent [JVA] valuation at the time. Because this was all the [r]edemption [a]greement required Streck to pay to redeem the stock, Stacy Ryan could not establish that any wrongful conduct by Defendants caused her to incur a loss, nor that Defendants breached the [r]edemption [a]greement. This finding proved fatal to all of her claims, and the Court granted Defendants' Motion to Dismiss.[1]

---

[1] *Ryan v. Ryan*, No.8:15CV312, 2016 WL 3264236 *2 (D. Neb. May 7, 2018), *reversed in part* 889 F.3d 499 (8th Cir. 2018).

## 2. Eighth Circuit Court

On July 12, 2016, Ryan filed a second motion to alter or amend the judgment, arguing that she had become aware of previously sealed deposition testimony from another litigation matter involving Streck, which, she alleged, supported her contention that inaccurate information was provided to JVA by Streck. The next day, Ryan appealed the denial of the first motion to alter or amend to the U.S. Court of Appeals for the Eighth Circuit. Subsequently, the federal district court denied Ryan's second motion to alter or amend on the basis that the filing of the notice of appeal conferred jurisdiction on the appellate court and divested the district court of its control of those aspects of the case involved in the appeal.[2]

In May 2018, the Eighth Circuit entered an order affirming the dismissal of Ryan's federal and state securities law claims, as well as her state law claims of fraudulent misrepresentation and inducement, breach of fiduciary duty, and shareholder oppression. The Eighth Circuit further concluded that on appeal, Ryan had not "meaningfully argued that the remaining claims—conversion, tortious interference, unjust enrichment, and breach of contract—were improperly dismissed" and as such, challenges to the dismissal of those claims were waived.[3] Although the Eighth Circuit affirmed the district court's order dismissing the complaint, it remanded the matter "for further consideration of whether [Ryan's] post-dismissal motion to alter or amend presented newly discovered evidence warranting alteration of the order dismissing her breach of contract claim."[4] In particular, the Eighth Circuit noted:

> Here, the record reflects that a document in Defendants' custody and control that contradicts the factual basis for their motions to dismiss the breach of contract claim was first discovered after briefing and submission of

---

[2] See *id.*

[3] *Ryan, supra* note 1, 889 F.3d at 507.

[4] *Id.* at 502.

those motions. Given "the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits," . . . we are not prepared to rule categorically that this evidence may not qualify as newly discovered for purposes of reconsidering Rule 12(b)(6) dismissal of the breach of contract claim. Further inquiry is required.[5]

### 3. Federal District Court on Remand

On remand, in a September 24, 2018, order, the federal district court noted that the decision before it was "whether it will continue to exercise supplemental jurisdiction over the only claim remaining in this case." The court noted that at the outset of the case, the court had supplemental jurisdiction over Ryan's breach of contract claim under § 1367 and that "'[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.'"

The federal district court indicated:

> In considering the factor of fairness, the Court recognizes that it must be cognizant of the applicable statute of limitations. To the extent that the limitations period is a concern, . . . § 25-201.01 affords [Ryan] additional time [6 months] to file her breach-of-contract claim in Nebraska state court following this Court's decision to decline supplemental jurisdiction.

Ultimately, the federal district court declined to exercise supplemental jurisdiction over the breach of contract claim, concluding that after the affirmance of the dismissal, no claims remained giving jurisdiction to the federal courts. However, the court clarified, in a footnote, that it was not dismissing the breach of contract claim for any reason provided in § 25-201.01(2), but that it was exercising its discretion to decline supplemental jurisdiction over the claim.

---

[5] *Id.* at 509.

### 4. Sarpy County District Court

On March 22, 2019, Ryan filed a new complaint for breach of contract in the district court for Sarpy County, followed by an amended complaint on August 27. Streck moved to strike various allegations in the amended complaint, arguing that it went beyond the limited remand allowed by the Eighth Circuit. Streck also moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

On November 4, 2019, the court heard Streck's motions. Streck argued that the amended complaint contained allegations beyond the breach of contract claim and sought an amended pleading. In response, Ryan detailed the history of the case and noted that on remand to the federal district court, the federal district court dismissed the complaint for lack of jurisdiction and opted to not exercise supplemental jurisdiction because it was merely a breach of contract claim under state law. Ryan also argued to the court that she was allowed to refile her claim in state court under the savings provision for the statute of limitations.

The district court for Sarpy County entered an order on May 22, 2020, which granted Streck's motion to dismiss. According to the order, after the November 4, 2019, hearing, the court had instructed the parties to brief the issue of whether the statute of limitations had run on the breach of contract claim. In dismissing the case, the district court first rejected Ryan's argument that the court could not consider the issue regarding the statute of limitations sua sponte when Streck had not raised such an affirmative defense in its motion to dismiss. The court cited *Welsch v. Graves*,[6] where this court stated that "[w]hen it is apparent from the face of the petition that the action is barred by a statute of limitations, the petition fails to state a cause of action and is subject to a demurrer."

---

[6] *Welsch v. Graves*, 255 Neb. 62, 65, 582 N.W.2d 312, 325 (1998).

The court then noted that under Neb. Rev. Stat. § 25-205 (Reissue 2016), the statute of limitations for a breach of contract claim is 5 years. The court also noted that the breach of contract claim accrued in August 2012 and that the first action was filed and voluntarily dismissed in August 2015. Because there is no tolling under § 25-201.01 for a voluntary dismissal, the court determined the voluntary dismissal did not affect the statute of limitations that would expire in August 2017.

The court then went on to explain that it agreed with Streck that the federal district court did not exercise supplemental jurisdiction over the breach of contract claim upon remand from the Eighth Circuit. The court reasoned that "[b]ecause the Eighth Circuit affirmed the dismissal of the federal claim that provided the [federal district court] with subject matter jurisdiction, there could not have been an exercise of supplemental jurisdiction over the precise breach of contract claim remanded on the basis of alleged newly discovered evidence." The court found the breach of contract claim was not tolled under § 1367(d) and dismissed the action as untimely.

Ryan appeals. We moved the case to our docket on our own motion.

## II. STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[7]

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[8]

---

[7] *Patterson v. Metropolitan Util. Dist.*, 302 Neb. 442, 923 N.W.2d 717 (2019).

[8] *Id.*

## III. ASSIGNMENTS OF ERROR

Ryan assigns, restated, that the district court erred in (1) finding that the federal district court did not exercise supplemental jurisdiction over her breach of contract claim, (2) finding that § 1367(d) did not toll the statute of limitations on her 2012 breach of contract action while it was pending in federal court, (3) finding that § 25-201.01 did not toll the statute of limitations on her 2012 breach of contract action while it was pending in federal court, and (4) raising the affirmative defense of statute of limitations sua sponte and dismissing her amended complaint for failure to state a claim upon which relief can be granted.

## IV. ANALYSIS

### 1. Supplemental Jurisdiction

[3] Ryan contends that the district court erred in determining that the federal district court did not exercise supplemental jurisdiction over her state law breach of contract claim. Ryan argues that the federal supplemental jurisdiction statute, § 1367, enables federal district courts to entertain claims not otherwise within their adjudicatory authority.

Streck argues that the state district court correctly found that, because the Eighth Circuit affirmed the dismissal of Ryan's federal claims, the federal district court could not have exercised supplemental jurisdiction over "the precise breach of contract claim remanded on the basis of alleged newly discovered evidence." However, Streck sets forth no case law or statutory authority, nor do we find any, to support this contention.

Section 1367 provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Neither party disputes that under § 1367, the federal district court initially had supplemental jurisdiction over Ryan's state law breach of contract claim because that claim formed part of the same case or controversy as her claims under the Securities Exchange Act of 1934. Although the federal district court dismissed both the federal and state claims, Ryan timely filed her motion to amend in which she raised the issue of newly discovered evidence to support her breach of contract claim. When the federal district court overruled the motion to amend, Ryan then timely appealed.

On appeal, the Eighth Circuit determined that one piece of the allegedly newly discovered evidence may tend to show one or more material issues of disputed fact as to Ryan's breach of contract claim, which merited a limited remand.[9] The Eighth Circuit also determined that there was no need to amend Ryan's complaint, because the federal district

---

[9] *Ryan, supra* note 1.

court, with comparable foundation, could take judicial notice of the 2012 per share values, just as it did with the 2011 per share values.[10]

It is clear that upon remand, the federal district court continued to have supplemental jurisdiction over the case and maintained the authority to consider the merits of the breach of contract claim. The federal district court intimated as much when it framed the issue before it as to "whether [the court would] continue to exercise supplemental jurisdiction over the only claim remaining in this case."

[4,5] Additionally, the record supports Ryan's contention that the federal district court had supplemental jurisdiction over the state breach of contract claim from the beginning and that it continued to have jurisdiction over the state breach of contract claim until it chose to dismiss it on remand. A cause of action consists of the fact or facts which give one a right to judicial relief against another.[11] A breach of contract action consists of a promise, its breach, damages, and compliance with any conditions precedent.[12] Here, Ryan's breach of contract claim arose out of the set of facts alleging that Streck failed to pay Ryan the fair value of her stocks as required under the revised redemption agreement. The newly discovered evidence did not create a new cause of action, but merely provided Ryan additional evidence to support her breach of contract claim.

The federal district court's determination to dismiss the case after remand does not diminish its exercise of supplemental jurisdiction to that point. Under § 1367(c)(3), the federal district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.

---

[10] *Id.*

[11] *Saunders Cty. v. City of Lincoln*, 263 Neb. 170, 638 N.W.2d 824 (2002).

[12] See *Kotrous v. Zerbe*, 287 Neb. 1033, 846 N.W.2d 122 (2014).

[6-8] A court determines a statute's meaning based on its text, context, and structure.[13] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[14] Federal courts have recognized that the word "may" generally carries a permissive and discretionary meaning.[15] In fact, the U.S. Supreme Court has acknowledged that the word "may," when used in a statute, usually implies some degree of discretion.[16] Additionally, the Eighth Circuit has held that the decision to exercise supplemental jurisdiction over remaining state law claims, after dismissing every claim over which it had original jurisdiction, is purely discretionary.[17] The Eighth Circuit has also stated that "'[i]t is within the district court's discretion to exercise supplemental jurisdiction after dismissal of the federal claim.'"[18]

[9,10] In *Crest Const. II, Inc. v. Doe*,[19] plaintiffs filed a complaint against several defendants in federal district court, alleging violations of the federal Racketeer Influenced and Corrupt Organizations Act, in addition to state law claims for breach of contract, fraud, conversion, and civil conspiracy. Subsequently, the court granted the defendants' motion to

---

[13] See *In re Application Obtain Discovery in Foreign Pro.*, 939 F.3d 710 (6th Cir. 2019). See, also, *Ash Grove Cement Co. v. Nebraska Dept. of Rev.*, 306 Neb. 947, 947 N.W.2d 731 (2020).

[14] *Ash Grove Cement Co., supra* note 13. See *Hibbs v. Winn*, 542 U.S. 88, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004).

[15] See *Haroun v. U.S. Dept. of Homeland Sec.*, 929 F.3d 1007 (8th Cir. 2019) (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 112-15 (2012)).

[16] See *United States v. Rodgers*, 461 U.S. 677, 103 S. Ct. 2132, 76 L. Ed. 2d 236 (1983).

[17] See *Crest Const. II, Inc. v. Doe*, 660 F.3d 346 (8th Cir. 2011).

[18] *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (quoting *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240 (8th Cir. 2006)).

[19] *Crest Const. II, Inc., supra* note 17.

dismiss the federal claim and declined to exercise supplemental jurisdiction over the remaining state law claims.[20] On appeal, the Eighth Circuit noted that a federal court has subject matter jurisdiction over specified state law claims, which it may (or may not) choose to exercise.[21] The Eighth Circuit ultimately found that the federal district court did not abuse its discretion in declining to exercise supplemental jurisdiction, noting that a federal district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction.[22] Exercising this discretionary authority, federal courts, in deciding whether to remand a matter back to the state court, consider factors such as judicial economy, convenience, fairness, and comity.[23]

In the present case, on remand, the federal district court's decision whether to continue exercising supplemental jurisdiction over Ryan's state law breach of contract claim was a purely discretionary one. The federal district court's September 24, 2018, order acknowledged its broad discretionary authority and, in determining whether to continue exercising supplemental jurisdiction over the breach of contract claim, considered the factors of judicial economy, convenience, fairness, and comity. Although the federal district court ultimately dismissed the breach of contract claim, it made it clear that it was not dismissing the claim for any reason under § 25-201.01(2), but that it was merely exercising its discretion to decline supplemental jurisdiction over the claim.

At the time Ryan refiled her breach of contract claim in state district court, the issue of supplemental jurisdiction had already been resolved in the affirmative and was no longer an issue. The only issue before the state district court was whether Ryan's claim was tolled by either federal or state statute.

---

[20] *Id.*

[21] *Id.*

[22] *Id.* (citing *Green v. Ameritrade, Inc.*, 279 F.3d 590 (8th Cir. 2002)).

[23] See, *Glorvigen, supra* note 18; *Quinn, supra* note 18.

Therefore, the state district court erred in finding that the federal district court did not continue to exercise supplemental jurisdiction over Ryan's breach of contract claim.

## 2. Tolling Statutes

### (a) Federal Law

Ryan next argues that the state district court erred in determining that § 1367(d) did not toll the statute of limitations on her breach of contract action while it was pending in federal court.

The state district court found that the breach of contract claim was "never tolled" under § 1367(d) based on the reasoning that the federal district court could not have exercised supplemental jurisdiction over Ryan's breach of contract claim. Since we have concluded that the federal district court did exercise supplemental jurisdiction over Ryan's breach of contract claim upon remand, we must consider the effect of § 1367 on Ryan's second action in the state district court.

Section 1367(d) states:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

In *Artis v. District of Columbia*,[24] the U.S. Supreme Court discussed whether the word "tolled," as used in § 1367, meant that the state limitations period is suspended during the pendency of the federal suit or whether the word "tolled" meant that, although the state limitations period continues to run, a plaintiff is accorded a grace period of 30 days to refile in state court after dismissal of the federal case. In December

---

[24] *Artis v. District of Columbia*, ___ U.S. ___, 138 S. Ct. 594, 199 L. Ed. 2d 473 (2018).

2011, Stephanie Artis sued her employer in the U.S. District Court for the District of Columbia, alleging that she had suffered employment discrimination in violation of title VII of the Civil Rights Act of 1964. She also asserted three allied claims under District of Columbia law.[25]

In June 2014, the federal district court dismissed Artis' title VII claim and declined to exercise supplemental jurisdiction over Artis' state law claims.[26] The district court noted that Artis would not be prejudiced because § 1367(d) provided for "'a tolling of the statute of limitations during the period the case was here and for at least 30 days thereafter.'"[27] Artis then filed her state law claims in the District of Columbia Superior Court 59 days after the dismissal of her federal suit.[28]

[11] The superior court dismissed Artis' claims on the basis that they were filed 29 days too late, because when Artis first filed her claims in the federal district court, nearly 2 years remained on the applicable 3-year statute of limitations.[29] However, 2½ years had passed before the federal district court relinquished jurisdiction.[30] The superior court rejected Artis' argument that § 1367(d) tolled the statute of limitations on her claims, and it reasoned that Artis could have protected her state law claims by "'pursuing [them] in a state court while the federal court proceeding [was] pending.'"[31] On appeal, the District of Columbia Court of Appeals affirmed the decision of the Superior Court and agreed that § 1367(d) did not stop the clock, but merely provided a 30-day grace period for Artis to refile her state law claims in state court.[32] On

---

[25] *Id.*

[26] *Id*.

[27] *Id*., 138 S. Ct. at 599-600.

[28] *Artis, supra* note 24.

[29] *Id*.

[30] *Id*.

[31] *Id*., 138 S. Ct. at 600.

[32] *Artis, supra* note 24.

subsequent appeal to the U.S. Supreme Court, the Supreme Court disagreed and held that § 1367(d)'s instruction to toll a state limitations period meant to hold it in abeyance, i.e., to stop the clock.[33] As a result, the Court found that Artis' claim was not barred by the statute of limitations.[34]

Here, Ryan's breach of contract claim accrued in August 2012. She then filed her action in federal district court in August 2015. After Ryan spent nearly 3 years actively litigating in the federal court system, the federal district court ultimately declined to exercise supplemental jurisdiction over her breach of contract claim and dismissed the same in September 2018. Then, in March 2019, Ryan refiled her action in state district court.

Although § 25-205 provides a 5-year statute of limitations on breach of contract claims, following the U.S. Supreme Court's holding in *Artis*, § 1367(d) tolled the state statute of limitations on Ryan's breach of contract claim during the time the claim was being litigated in federal court. In other words, because the federal district court was exercising supplemental jurisdiction over Ryan's breach of contract claim, the clock stopped on the state limitations period in August 2015 when she first filed her cause of action in federal court. When the federal district court dismissed Ryan's breach of contract claim in September 2018, Ryan still had over 2 years to refile her breach of contract claim in state district court. Thus, when Ryan refiled her claim in state district court in March 2019, such claim was timely.

## (b) State Law

[12] Ryan also argues that the state district court erred in determining that her breach of contract claim was not tolled by § 25-201.01. Streck, in turn, argues that Ryan could have filed her claim in state district court within the statute of

---

[33] *Id*.

[34] See *id*. See, also, *Puetz v. Spectrum Health Hospitals*, 324 Mich. App. 51, 919 N.W.2d 439 (2018).

limitations, citing our decision in *Brodine v. Blue Cross Blue Shield*.[35] However, because we conclude that the limitations period for Ryan's breach of contract claim was tolled under § 1367(d), we need not consider other reasons why the limitations period may have been tolled. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it.[36]

### 3. Remaining Issues

Ryan also argues the state district court erred in raising the affirmative defense of statute of limitations sua sponte. Similarly, because we have concluded that Ryan's state law breach of contract claim was effectively tolled by § 1367(d), we decline to consider this assignment of error.

### V. CONCLUSION

The state district court erred in dismissing Ryan's breach of contract claim. The federal district court employed its discretionary authority in declining to continue to exercise supplemental jurisdiction over the breach of contract claim. It was erroneous for the state district court to determine that the federal district court could not have continued to exercise supplemental jurisdiction over the claim. Additionally, because the federal district court was exercising supplemental jurisdiction over the claim, under federal law, the statute of limitations on Ryan's breach of contract claim was tolled during the pendency of the federal case. Ryan's claim was timely filed within the 5-year limitations period. The judgment of dismissal is reversed and the matter is remanded for further proceedings.

Reversed and remanded for
further proceedings.

Miller-Lerman, J., not participating.

---

[35] *Brodine v. Blue Cross Blue Shield*, 272 Neb. 713, 724 N.W.2d 321 (2006).

[36] *City of Sidney v. Municipal Energy Agency of Neb.*, 301 Neb. 147, 917 N.W.2d 826 (2018).