Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/05/2021 08:09 AM CDT

Stone Land and Livestock Company, Inc.,
a Nebraska corporation, et al., appellants,
v. HBE, LLP, a Nebraska limited liability
partnership, and Michael
J. Arens, appellees.

___ N.W.2d ___

Filed August 13, 2021.    No. S-20-672.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. **Judgments: Appeal and Error.** An appellate court independently
   reviews questions of law decided by a lower court.
3. **Service of Process: Waiver: Intent: Proof.** A voluntary appearance
   refers to a party who has not been served with process taking some
   action or making some submission to the court that demonstrates an
   intention to waive service of process.
4. **Attorney and Client: Negligence.** A client is bound by the acts, omis-
   sions, neglect, and fraud of the client's attorney when such is within the
   attorney's scope of express, implied, apparent, or ostensible authority.

Appeal from the District Court for Lancaster County:
Andrew R. Jacobsen, Judge. Affirmed.

Steven E. Guenzel, Cameron E. Guenzel, and Corey J.
Wasserburger, of Johnson, Flodman, Guenzel & Widger, for
appellants.

Taylor M. Hayes and Gregory C. Scaglione, of Koley Jessen,
P.C., L.L.O., for appellees.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

This case presents the question of whether a defendant's filing of an "Appearance of Counsel" constitutes a voluntary appearance that relieves a plaintiff of the ordinary obligation to serve defendant with the lawsuit. We hold that it does not and therefore affirm the district court's order dismissing the lawsuit on the grounds that defendants were not timely served.

## BACKGROUND

*Complaint and "Appearance of Counsel."*

On March 1, 2019, Stone Land and Livestock Company, Inc., and its shareholders (collectively Stone Land) filed suit against HBE, LLP, an accounting firm, and Michael J. Arens, a member and manager of HBE (collectively HBE), in the Lancaster County District Court. The complaint alleged that Arens provided Stone Land with incorrect information regarding the income tax consequences of a sale of land.

On April 8, 2019, attorneys for HBE filed a document entitled "Appearance of Counsel." The document bore the caption of the lawsuit and stated, "Gregory C. Scaglione and Cassandra M. Langstaff of the law firm of Koley Jessen P.C., L.L.O., hereby enter their appearance as counsel of record for Defendants HBE, LLP and MICHAEL J. ARENS." Under this statement were the names of the defendants and the signature block of the attorneys.

*Dismissal and Attempt to Reinstate.*

Our record reflects no activity in the case for nearly a year after the filing of the Appearance of Counsel. Then, on April 6, 2020, the district court entered an order dismissing the case without prejudice. The order of dismissal stated that the complaint was being dismissed because Stone Land had not timely served HBE with the lawsuit.

On April 13, 2020, Stone Land filed a motion asking the district court to reinstate the case. Stone Land asserted that the Appearance of Counsel was a voluntary appearance that was "equivalent to service" under Neb. Rev. Stat. § 25-516.01(1) (Cum. Supp. 2020).

The district court denied Stone Land's motion. The district court concluded that the Appearance of Counsel was not a voluntary appearance under § 25-516.01(1). It relied on language from *Carlson v. Allianz Versicheruns-AG*, 287 Neb. 628, 641, 844 N.W.2d 264, 274 (2014), in which we stated that "a voluntary appearance is the equivalent to service that waives a defense of insufficient service or process if the party requests general relief from the court on an issue other than sufficiency of service or process, or personal jurisdiction." The district court concluded that because HBE had not invoked the district court's authority or requested general relief, it had not made a voluntary appearance. Based on its determination that HBE had not made a voluntary appearance and Stone Land had not perfected service upon HBE, the district court determined that the matter was properly dismissed under Neb. Rev. Stat. § 25-217(2) (Reissue 2016).

Stone Land timely appealed, and we moved the case to our docket. We later granted a motion for revivor filed by the personal representative of the estate of a deceased shareholder of Stone Land and revived the appeal in the name of the personal representative, in her capacity as personal representative.

## ASSIGNMENT OF ERROR

Stone Land assigns several errors, but they can be effectively consolidated and restated into one: Stone Land contends the district court erred by dismissing the complaint for failure to perfect service within the statutory deadline.

## STANDARD OF REVIEW

The parties disagree regarding the appropriate standard of review in this case. HBE contends that because Stone Land

seeks review of the district court's order denying its motion to reinstate the case, which was a motion to alter or amend the judgment, an abuse of discretion standard applies. Stone Land argues that we should review this matter independently of the determination reached by the district court.

[1,2] Although the denial of a motion to alter or amend the judgment is generally reviewed for an abuse of discretion, see, e.g., *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016), Stone Land seeks review of a jurisdictional determination by the district court, see, e.g., *Kovar v. Habrock*, 261 Neb. 337, 622 N.W.2d 688 (2001) (district court lacks jurisdiction over action after failure to serve defendant pursuant to § 25-217). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Estate of Brinkman*, 308 Neb. 117, 953 N.W.2d 1 (2021). Stone Land's arguments also require that we engage in statutory interpretation, which also presents a question of law. *Ryan v. Streck, Inc., ante* p. 98, 958 N.W.2d 703 (2021). An appellate court independently reviews questions of law decided by a lower court. *In re Estate of Brinkman, supra.* Further, it is of little practical consequence in this case whether we label our review as abuse of discretion or de novo. As we have explained, this case presents a question of law, and a "district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996).

## ANALYSIS

Under the version of § 25-217 in effect at the time Stone Land filed its complaint, it was required to serve HBE within 6 months. But, see, 2019 Neb. Laws, L.B. 308, § 1 (amending service deadline of 6 months to 180 days, effective September 1, 2019). If service is not completed within this statutory deadline, the district court loses jurisdiction and the action is dismissed without prejudice by operation of law. See *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000).

There is no dispute that HBE was not actually served within 6 months of the filing of Stone Land's complaint. Another statute, however, provides that the "voluntary appearance of the party is equivalent to service." § 25-516.01(1). If, as Stone Land contends, the Appearance of Counsel was a voluntary appearance under this statute, that would be a timely "equivalent to service," and the district court should not have dismissed the action under § 25-217.

The district court determined that the Appearance of Counsel was not a voluntary appearance, because it did not request general relief from the court on an issue other than sufficiency of service of process or personal jurisdiction. Stone Land argues that the district court overlooked a way in which HBE did in fact request relief through its Appearance of Counsel. Stone Land points out that HBE electronically filed its Appearance of Counsel and, by doing so, ensured that its counsel would receive automatic notice of subsequent filings in the case. We disagree that HBE requested general relief on an issue other than sufficiency of service or process, or personal jurisdiction in its Appearance of Counsel. Even assuming that a request to be notified of future filings would amount to a request for relief on an "issue" in the case, the Appearance of Counsel made no such request. Automatic notice of future filings may have been a consequence of the Appearance of Counsel, but not because the Appearance of Counsel requested it.

Alternatively, Stone Land asks that we find that the Appearance of Counsel was a voluntary appearance even if it did not request relief from the district court on an issue other than sufficiency of service or process, or personal jurisdiction. Although we have stated that a party makes a voluntary appearance if it makes such a request, see *Carlson v. Allianz Versicherungs-AG*, 287 Neb. 628, 844 N.W.2d 264 (2014), that cannot be the only mechanism by which a party can make a voluntary appearance. If that were so, a party filing a document stating that it had received the complaint and was entering

its voluntary appearance and waiving service of process would not make a voluntary appearance. That is obviously not the case. See, e.g., *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017) (recognizing such filing as voluntary appearance). See, also, John P. Lenich, Nebraska Civil Procedure § 10:26 (2021).

While there is no question that a party can make a voluntary appearance without requesting general relief from the court on an issue other than sufficiency of service or process, or personal jurisdiction, we do not appear to have previously explored what a party must do to make a voluntary appearance in this way. To answer this question, we must interpret § 25-516.01(1) and particularly the term "voluntary appearance" as it appears in that subsection. Ordinarily, we give statutory language its plain and ordinary meaning. See *In re Guardianship of Eliza W.*, 304 Neb. 995, 938 N.W.2d 307 (2020). The term "voluntary appearance," however, is a legal term of art. A legal term of art is a word or phrase having a specific, precise meaning in a given specialty apart from its general meaning in ordinary contexts. *State ex rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 924 N.W.2d 664 (2019). When legal terms of art are used in statutes, they are to be construed according to their term of art meaning. *Id.*

The term "appearance," in this context, generally refers to the idea of a party to a lawsuit taking some action or submitting something to the court by which that party demonstrates an intention to submit to the court's jurisdiction. See, e.g., *Dyer v. Surratt*, 266 Ga. 220, 466 S.E.2d 584 (1996) (appearance signifies overt act by which person against whom suit has commenced submits to court's jurisdiction); *U.S. Aviation, Inc. v. Wyoming Avionics*, 664 P.2d 121, 124 (Wyo. 1983) ("[a]n appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court"); *Minton v. First National Exchange Bank of Virginia*, 206 Va. 589, 593, 145 S.E.2d 139, 143 (1965) ("[i]t is generally held that

an appearance by a party requires some act on the part of that party evidencing an intention to submit himself to the jurisdiction of the court"). A "voluntary appearance" stands in contrast to a "compulsory appearance": a voluntary appearance is made by one who appears without having been served with process, while a compulsory appearance is made by a party who is required to appear as a result of being served with process. Black's Law Dictionary 122 (11th ed. 2019); 6 C.J.S. *Appearances* § 2 (2016). In Nebraska, the term "voluntary appearance" has traditionally referred to a waiver of service of process. See Lenich, *supra*, § 11:26.

[3] Based on the foregoing, we understand a voluntary appearance to refer to a party who has not been served with process taking some action or making some submission to the court that demonstrates an intention to waive service of process. We observe that our prior cases holding that a party makes a voluntary appearance if it requests general relief from the court on an issue other than sufficiency of service or process, or personal jurisdiction is consistent with this understanding; by making such a request and thereby invoking the authority of the court, a party demonstrates an intent to waive service of process.

HBE takes the position that the Appearance of Counsel did not demonstrate its intent to do anything. HBE frames the Appearance of Counsel as a filing by which the attorneys referenced appeared in the action, but that the parties they purported to represent did not.

[4] We disagree that the Appearance of Counsel should be treated as a filing of only the referenced attorneys and not a filing on behalf of HBE. HBE conceded at oral argument that it could be assumed in this case that the Appearance of Counsel was made with the consent of HBE. The signature block of the Appearance of Counsel indicates that it was submitted on behalf of HBE. Further, the relationship between attorney and client is one of agency. See *VRT, Inc. v. Dutton-Lainson Co.*, 247 Neb. 845, 530 N.W.2d 619 (1995). Consequently, the

client is bound by the acts, omissions, neglect, and fraud of the client's attorney when such is within the attorney's scope of express, implied, apparent, or ostensible authority. *Id.* The Appearance of Counsel was a filing of HBE.

Although we find that the Appearance of Counsel was filed on behalf of HBE, we disagree that it demonstrated an intention on the part of HBE to waive service of process. In the Appearance of Counsel, HBE did nothing more than acknowledge the existence of the lawsuit and disclose to Stone Land and the district court that the referenced attorneys would be representing it in that lawsuit. A party's awareness of a lawsuit and its disclosure that it has chosen attorneys to represent it in that lawsuit does not, in our view, demonstrate an intention to waive service of process. A party can be aware of a lawsuit and still insist on service of process. Further, a party's attorneys might take no action in a lawsuit other than contending that service was not perfected.

Finally, we are not persuaded by Stone Land's argument that if the Appearance of Counsel does not qualify as a voluntary appearance, neither would a form entitled "Voluntary Appearance" made available on the Nebraska Judicial Branch's website. The form to which Stone Land refers both expressly cites § 25-516.01 and provides room for parties to acknowledge they are making a "Voluntary Appearance" in the action. The reference to the statute and the term "Voluntary Appearance" demonstrate an intention to waive service of process pursuant to § 25-516.01 that is absent from the Appearance of Counsel filed in this case.

The Legislature has directed that actions are dismissed if defendants do not, prior to the statutory deadline, receive service or make a voluntary appearance. HBE was not served prior to the statutory deadline, and, for reasons we have explained, its Appearance of Counsel did not amount to a voluntary appearance. Under the circumstances, the district court was obligated to recognize the dismissal of the complaint.

## CONCLUSION

Because we find that the Appearance of Counsel was not a voluntary appearance and that HBE was not timely served, the district court correctly recognized the complaint as dismissed pursuant to § 25-217. We therefore affirm.

Affirmed.

Miller-Lerman, J., not participating.